## No. 17,216.

### Mero v. Holly Hudson Motor Co.
(269 P. [2d] 698)

Decided April 5, 1954.

Messrs. RINN & CONNELL, for plaintiff in error.

Mr. LOWELL WHITE, Mr. WALTER A. STEELE, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

PLAINTIFF in error brought action against defendant in error corporation, based on the asserted negligence of one of its employees. At the close of the evidence, both parties moved for directed verdict and both motions were denied. Thereupon the case was submitted to the jury and verdict returned in favor of plaintiff, upon which judgment was duly entered and defendant given twenty days to file motion for new trial.

Defendant filed no motion for new trial, but on the twentieth day after judgment filed a motion entitled "Defendant's Motion for Judgment Notwithstanding the Verdict," wherein for reasons stated defendant moved that the verdict in favor of plaintiff and any judgment entered thereon be set aside and that the court as a mat-- ter of law enter judgment in favor of defendant. This motion was granted and the verdict of the jury vacated, judgment entered thereon set aside, and judgment ordered and entered in favor of defendant and against plaintiff for costs.

Plaintiff seeks reversal on the ground, inter alià, that the motion for judgment non abstante was not filed within ten days after verdict and judgment, without extension of time therefor being granted or sought, and that in the absence of timely motion made. therefor the trial court was without authority to grant the motion. Defendant in error, in its brief, has failed to answer or mention this asserted ground of reversal.

█ Motion for judgment non abstante is wholly . separate and distinct from motion for new trial and does not take the place of one. Our Rule 50 (b) is the same as the federal rule. The pertinent part thereof is: "Within 10 days after the reception of a verdict, a party who has · moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict."

█ Defendant's motion for judgment non abstante was not made until twenty days after the reception of the verdict and entry of judgment. It does not appear that the court ordered the period enlarged or that there was any application or cause shown therefor. The United States Supreme Court, in applying this rule, has said: "On several recent occasions we have considered Rule 50 (b). We have said that in the absence of a motion for judgment notwithstanding the verdict made in the trial court within ten days after reception of a verdict the rule forbids the

trial judge or an appellate court to enter such a judgment." *Johnson v. New York, N.H. & H.R. Co.*, 344 U.S. 48.

From the wording of the rule and the interpretation given by the federal court, we can only conclude that defendant's motion for judgment non abstante was not filed within the time required by the rules. In the absence of such timely filing the trial court could not properly entertain it.

Accordingly, the judgment is reversed and the cause remanded with instruction to reinstate the former judgment in favor of the plaintiff.