## No. 17,816.

JOHN E. ROSS, ET AL *v.* ARROW MANUFACTURING COMPANY.

(307 P. [2d] 196)

Decided February 11, 1957.

Mr. WILLIAM C. MURRAY, JR., Mr. JOSEPH P. LEWIS, Messrs. KRIPKE & McLEAN, for plaintiffs in error.

Messrs. DAWSON, NAGEL, SHERMAN & HOWARD, Mr. ARTHUR K. UNDERWOOD, JR., Mr. RAYMOND J. TURNER, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THE parties appear in this court in the same order in which they appeared in the trial court, and we will refer to them as plaintiffs and defendant.

Plaintiffs alleged in their complaint that they were entitled to receive certain shares in an incentive bonus fund which they had earned as employees of defendant.

Defendant by answer denied that plaintiffs were entitled to receive the monies claimed.

The issues were tried to a jury March 1, 1955. When plaintiffs rested their case defendant moved for dismissal of the action, which motion was denied. Defendant presented evidence, at the conclusion of which plaintiffs moved for a directed verdict. This motion was granted and the jury returned verdicts in favors of plaintiffs by direction of the court. When these verdicts were received the trial court said:

"There will be thirty days allowed the defendant in this case to file a motion for a new trial, and until the motion is ruled upon by the Court, the Court will with-

hold the entry of the judgment on the verdicts until that time."

On the twenty-first day following the return of the verdicts defendant filed its motion in which the court was asked:

"1. To set aside the directed verdict and render judgment as a matter of law for defendant, or, in the alternative,

"2. To set aside the directed verdict and grant a new trial."

July 20, 1955, the court ruled on this motion; granted the prayer of defendant that the verdicts be set aside; and adjudged that plaintiffs' complaint be dismissed and that defendant have judgment for costs.

Two points are made by plaintiffs upon which they base their argument for reversal. They are:

"1. The court erred in granting defendant's motion for judgment notwithstanding the verdict in that defendant failed to move for a directed verdict at any time during the trial.

"2. The court erred in granting defendant's motion for judgment notwithstanding verdict in that said motion was not timely made."

On behalf of defendant it is contended, inter alia:

"As the Trial Court had taken the case from the jury by directing a verdict, for Plaintiffs, the reason underlying the requirement in Rule 50 (b), that a Motion for a Directed Verdict must be made by Defendant at the close of all the evidence in order to be entitled to a Judgment Notwithstanding the Verdict, disappeared from the case. Therefore there was no necessity for Defendant to make a Motion for Directed Verdict under these circumstances in order to be entitled to file a Motion for Judgment Notwithstanding the Verdict. The Trial Court's action granting Defendant's motion was thus proper.

"In the event the Plaintiffs are successful in avoiding the Judgment Notwithstanding the Verdict, the case

must be remanded to the Trial Court for a ruling on the Defendant's Alternative Motion for a new Trial which was, and still is, validly before the Trial Court."

Questions to be Determined.

First: *Where a civil action is tried to a jury and at the close of plaintiff's case a motion to dismiss is made by defendant and is denied; and where the defendant presents his evidence and rests and plaintiff moves for a directed verdict, which motion is granted and the jury by direction of court returns a verdict for plaintiff; is the defendant thereafter barred from filing a motion for judgment notwithstanding the verdict for the sole reason that at the close of all the evidence he failed to make a motion for directed verdict in his favor?*

██ This question is answered in the negative. The question as related to Rule 50 (b), R.C.P. Colo., requires careful analysis. This rule provides, inter alia:

"Whenever a motion for a directed verdict made at the close of all evidence is denied *or for any reason is not granted,* the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; * * *." (Emphasis supplied.)

The general rule is well established that in actions where the issues are submitted to a jury for determination, under the rule hereinabove quoted, it is an essential prerequisite to the right of either party to file a motion for judgment notwithstanding the verdict, that a motion for directed verdict shall have been made at the conclusion of all the evidence. As stated by the Supreme Court of New Mexico in *Bondanza v. Matteucci,* 59 N.M. 354, 284 P. (2d) 1024:

"The unanimous interpretation of Federal Rule 50 (b), 28 U.S.C.A., from which New Mexico's rule of the same

number was taken verbatim, is that a motion for a directed verdict at the close of all the evidence is a prerequisite to a motion for judgment notwithstanding the verdict. * * *."

Numerous cases have been decided in harmony with this rule, and it is discussed at length in *Johnson v. New York, New Haven & Hartford Railroad Co.,* 344 U.S. 48, 97 L.Ed. 77, 73 S.Ct. 125. We have no quarrel with the rule as stated and applied to the facts in each case where it has been held to be controlling.

In all of the cases which we have read on the subject, no directed verdict was ordered, and the issues of fact actually were determined by the jury. In the instant case the jury did not pass upon disputed questions of fact. The verdicts were returned in compliance with the order of court granting plaintiffs' motion for directed verdict.

▇ The reason underlying Rule 50 (b) is that an opportunity should be given the trial court to re-examine, as a matter of law, the facts which have been considered and resolved by a jury. In this action the jury reached no verdict, found no facts, and performed no act which could be subjected to re-examination as a matter of law. We hold that Rule 50 (b) does not compel a party against whom a verdict has been ordered by the court to make a motion for directed verdict in his own behalf as a condition prerequisite to exercise of the right to file a motion for judgment notwithstanding the verdict. To reach a contrary conclusion would be to require a futile gesture on the part of a litigant. Under the circumstances of the instant case, where a verdict was directed by the court, the reason for the rule requiring a motion for directed verdict by the unsuccessful party, has disappeared from the case.

Second: *Did the trial court err in granting the motion for judgment notwithstanding the verdicts even though it was filed after the expiration of ten days from the date the verdicts were directed?*

 This question is answered in the affirmative. The order of the trial court entered at the time the verdicts were received was that: "There will be thirty days allowed defendant in this case to file a motion for a new trial, * * * " The motion filed by defendant was in the alternative. It sought judgment notwithstanding the verdict, or — a new trial on the facts to a jury. The rule, [50 (b),] authorizing the relief which the court granted, expressly requires that application therefor shall be made "within 10 days after reception of the verdict." Rule 6 (b), R.C.P. Colo., provides that the court may "not extend the time for taking any action under rules * * * 50 (b) * * *." We think the trial court erred in considering the motion for judgment non obstante which was filed eleven days after expiration of the ten day period provided by rule for the filing of such a motion. We are not unmindful of the opinion of this court in *Jackson v. Utilities Corp.*, 128 Colo. 477, 263 P. (2d) 812. Reconsideration of the question there decided leads us now to expressly overrule it. We conclude that filing a motion for judgment notwithstanding the verdict within ten days after receipt of the verdict is mandatory, and unless the motion is filed within that time the court has no power to pass upon it. *Mero v. Holly Hudson Motor Co.*, 129 Colo. 282, 269 P. (2d) 698.

Third: *Where a trial court considers a motion filed in the alternative, and erroneously grants relief by entry of final judgment which it has no jurisdiction to decree, and does not pass upon that portion of the motion over which it has jurisdiction; should this court remand the action for ruling upon the question left undecided by the erroneous judgment?*

 This question is answered in the affirmative. In *Mero v. Holly Hudson Motor Co., supra*, we said: "Motion for judgment non abstante is wholly separate and distinct from motion for new trial and does not take the place of one." Our Rule 50 (b) expressly provides, inter alia, that, "A motion for a new trial may be joined with

this motion, or a new trial may be prayed in the alternative." In the instant case the effect of the motion was to present two motions. Only one was disposed of and with reference to it the court was without power to act, other than to deny it.

In *Montgomery Ward & Company v. Duncan,* 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147, where a comparable situation was discussed, we find the following pertinent language:

"The rule contemplates that either party to the action is entitled to the trial judge's decision on both motions, if both are presented. A decision in favor of the moving party upon the motion for judgment ends the litigation and often makes it possible for an appellate court to dispose of the case without remanding it for a new trial. If, however, as in the present instance, the trial court erred in granting the motion the party against whom the verdict went is entitled to have his motion for a new trial considered in respect of asserted substantial trial errors . . . and matters appealing to the discretion of the judge. In this case the reasons assigned in support of the motion for a new trial were in both categories. The grounds assigned for a new trial have not been considered by the court. In the circumstances here disclosed the uniform practice in state appellate courts has been to remand the case to the trial court with leave to pass upon the motion for new trial."

The judgment is reversed and the cause remanded with directions to rule upon defendant's motion for a new trial.

MR. JUSTICE HOLLAND and MR. JUSTICE DAY did not participate.