135 So.2d 457 (1961)
Barbara Joyce STUPP, Appellant,
v.
CONE BROTHERS CONTRACTING COMPANY, a corporation, Robert Lee Dicks and William Mitchell, Appellees.
No. 2619.
District Court of Appeal of Florida. Second District.
November 22, 1961.
Rehearing Denied December 18, 1961.
Muscarella & Perenich, Clearwater, for appellant.
Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellee Cone Bros. Contracting Co.
KANNER, Acting Chief Judge.
A motion made by defendant-appellee Cone Brothers Contracting Company to dismiss the appeal sought by plaintiff-appellant, Barbara Joyce Stupp, is the subject under consideration by this court. The motion is principally predicated upon the ground that the notice of appeal of June 19, 1961, was not filed within the time provided by law, thus leaving this court without jurisdiction to entertain the appeal.
*458 Forerunner to the appeal notice objected to by defendant was one filed on May 8, 1961, for the purpose of having this court review an order entered by the trial court on March 20, 1961, subsequent to final judgment in defendant's favor of August 31, 1960. The order for which review was then requested resulted from a motion duly filed by plaintiff on September 6, 1960, styled "Motion to Set Aside the Verdict and any Judgment Thereon for Judgment and in the Alternative for a New Trial." By order of March 20, 1961, the trial court denied the motion for new trial but did not rule upon the one for judgment notwithstanding the verdict. Upon motion of defendant, this court dismissed that appeal, docketed as case number 2540, on June 20, 1961, since it only sought review of the order denying motion for new trial.
Meanwhile, plaintiff's counsel by letter of June 1, 1961, had called attention of the trial judge to the fact that the order denying motion for new trial did not comprehend the motion to set aside the verdict and judgment entered thereon and to enter judgment for plaintiff pursuant to motion for directed verdict. Hearing was had on the matter; and over defendant's objection, the court on June 16, 1961, entered an order "Correcting and Clarifying the Order of March 20, 1961." The situation as it had arisen was detailed; then the order indicated that it was being entered so as to permit the record to reflect more completely the action of the court on March 20, 1961, when the motions of plaintiff in their entirety were denied, since the order when reduced to writing inadvertently failed to encompass the complete ruling of the court. It was accordingly ordered that the motions were both denied nunc pro tunc, as of March 20 1961. Three days later, on June 19, 1961, plaintiff filed notice of appeal in the present case, seeking review both of the final judgment of August 31, 1960, and of the order of clarification entered on June 16, 1961.
Both parties submit that the basic question, whether under these circumstances the appeal should be dismissed, is a matter not yet decided in Florida. Consequently, the authorities cited are from other jurisdictions. Plaintiff advances the position adhered to by the federal court in the case of Green v. Reading Co., 3rd Cir., 1950, 180 F.2d 149, claiming it to be an authoritative basis for denial of defendant's motion to dismiss.
Defendant contracting company, on the other hand, stresses as a better precedent the rationale followed by the Nebraska Supreme Court in the case of Lund v. Holbrook, 1951, 153 Neb. 706, 46 N.W.2d 130, upon which this court is urged to dismiss the appeal. Defendant asserts untimeliness of the notice of appeal, stating that it was filed 91 days after the order of March 20, 1961, denying motion for new trial, which order, it is contended, had the effect of also disposing of the other motion. To further bolster this position, defendant also makes reference to the nunc pro tunc provision of the trial judge's order of June 16, 1961.
It is noted at this juncture that the language of subdivisions (b) and (c) of rule 2.7, Florida Rules of Civil Procedure 31 F.S.A.,[1] is, for all practical purposes and *459 with almost no alteration, identical to rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A., after which they were fashioned.
In the federal jurisdictions the position adopted in construction of F.R. Civ. P. rule 50(b) is under the procedure charted by the case of Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147. The situation before the court in that case was one wherein the trial court, after granting defendant's motion for judgment n.o.v., had refused to rule on the motion for new trial. The court of appeals, reversing, had directed that judgment be entered on the verdict but had made no provision for a ruling on the motion for new trial. The question presented to the Supreme Court of the United States was whether the court of appeals erred in failing to remand the cause to the trial court for disposition of the motion for new trial. It was held that the granting of motion for judgment n.o.v. did not constitute an automatic denial of the motion for new trial, and the cause was remanded for a decision on that motion.
The federal court system seems clearly to require as to a problem such as the one here posed that the lower court should rule upon both motions. In the federal case of Green v. Reading Co., supra, contended for by plaintiff as controlling, defendant had moved for new trial and for judgment in accordance with its previous motion for directed verdict. The motion for new trial was denied, but the motion for judgment was not ruled upon. It was held that the motions operated to vest the trial judge with a continuation of control over the judgment and that, until the motions are disposed of, the judgment does not become final for purposes of appellate review since there is lacking the ultimate decision required for appellate jurisdiction. The court emphasized the Montgomery Ward v. Duncan case and directed the attention of its Bar to the fact that the proper procedure under rule 50(b) had been prescribed by that case.
Several state jurisdictions have aligned themselves with the federal position. See Ross v. Arrow Manufacturing Company, 1957, 134 Colo. 530, 307 P.2d 196, 69 A.L.R.2d 445; Reading v. Faucon, D.C.Mun. App. 1957, 134 A.2d 376; Zugsmith v. Mullins, 1956, 81 Ariz. 185, 303 P.2d 261. Attention is invited to certain other authorities discussing this problem. See Barron & Holtzoff, Federal Practice and Procedure, volume 2B, section 1082, p. 430; Moore's Federal Practice, volume 5, section 50.12, p. 2341; Annotation, 69 A.L.R.2d, section 30(a), p. 525; and annotations contained within the Lawyers Edition of the Supreme Court Reports at 97 L.Ed. 78, section 10, p. 98, and 85 L.Ed. 155.
While it is true that rule 2.7(b) and (c) have not been construed by the courts of Florida insofar as the precise question presented here is concerned, the Florida Supreme Court, in the case of Atlantic Coast Line Railroad Company v. Boone, 1956, 85 So.2d 834, 57 A.L.R.2d 1186, set out certain aspects of the relationship between rule 2.7, Florida Rules of Civil Procedure, formerly Common Law rule 40, and rule 50, Federal Rules of Civil Procedure, in effect aligning itself with the federal courts as to the appellate jurisdictional question with which the court found itself confronted. Describing as "very helpful" the Montgomery Ward v. Duncan opinion, the court, among other things, considered the matter of the proper time for appellate review of an order denying a motion for directed verdict, citing also Barron & Holtzoff on Federal Practice and Procedure, volume 2, section 1081, and Moore's Federal Practice, 2nd edition, volume *460 5, section 50.14. The Supreme Court, through Mr. Justice Thornal, pointed out that post-trial motions such as motion for directed verdict and motion for judgment notwithstanding the verdict being interlocutory in nature, could not support an appeal in the absence of specific statutory authorization; but the court indicated that such orders are subject to review at the proper time, which is following entry of the final judgment ultimately disposing of the cause. It was emphasized that the appeal must be from the final judgment rather than from the order denying the motion.
Additionally, there appeared within two weeks of each other two recent cases of the First District Court of Appeal, each of which pointed out the similarity of the federal rule and that of Florida and each of which cited for support the Montgomery Ward v. Duncan decision.
The first of those cases, that of King v. Jacksonville Coach Company, Fla.App., 1960, 122 So.2d 480, is one wherein the defendant, subsequent to jury verdict for plaintiff, moved for a judgment in accordance with its prior motion for directed verdict, or in the alternative, moved for a new trial. The trial judge entered an order granting the motion for judgment for the defendant and providing, additionally, that if the judgment were reversed on appeal, then the alternative motion for new trial was to be granted. Appeal taken to the district court from that order subsequent to final judgment resulted in reversal of the judgment based upon the renewed motion for directed verdict, the court holding that the alternative order granting new trial was within the broad discretion of the trial court and that it should not be disturbed on appeal. The district court stated that the trial court, under the language of rule 2.7, Florida Rules of Civil Procedure, 31 F.S.A., might grant either of the motions but not both. The court continued, however, that the trial judge was nevertheless correct in ruling on both motions in the alternative manner employed, basing this upon a consideration of Official Form Six promulgated by the Florida Supreme Court for use by the bar in connection with rule 2.7 together with the decisions of the federal courts under their similar Rule 50, Federal Rules of Civil Procedure, 28 U.S.C.A.
In the second case, McCloskey v. Louisville & Nashville Railroad Co., Fla. App., 1960, 122 So.2d 481, one question before the court was whether, upon reversal of the judgment appealed and remanding of the cause, the appellant could be heard in the trial court upon the unruled on alternative motion for new trial. The court stated that rule 2.7(c) allows a motion for new trial to be joined with a motion for judgment notwithstanding the verdict or a new trial to be prayed for in the alternative. It was additionally pointed out that the salutary purpose of this procedure, in the interests of expediency, is that, if a cause were appealed, ruling on the motion for new trial could be reviewed in connection with the ruling which granted judgment n.o.v. so that if the latter ruling is reversed the ruling on the other motion for new trial may not form the predicate for an assignment of error on a subsequent appeal. The result in the case then before the district court, as stated in the opinion, was that, defendant's motion for new trial not having been ruled upon, reversal of the judgment n.o.v. had left the door ajar for an appeal from whatever order the trial court might enter upon that pending motion.
In contrast to the Green v. Reading case, and others decided in the federal court system, the Nebraska jurisdiction has held differently. Illustrative of the Nebraska position is the case of Lund v. Holbrook, supra, advanced by the defendant contracting company for the proposition that where a court has denied an alternative motion for new trial without making a ruling on the concurrent motion for judgment notwithstanding the verdict, the court's denial of the motion for judgment was implicit in its denial of the motion for new trial. The result stated was that, the order denying new trial being an appealable one under *461 Nebraska law, the appeal from that order operated to bring before the court for its determination all matters considered by the trial court and in effect determined by it. Accordingly, the merit of the motion for judgment was deemed to be before it for determination.
It may be noted that the Nebraska rule, like that of Florida, is adopted from and similar to federal rule 50(b) employed by and construed in the federal cases here cited as dealing with the power of a trial court. Subsequent to adoption of that rule by the Nebraska Legislature, however, there was enacted in that state supplemental legislation dealing with the power of an appellate court as to such situations as the one now being considered, including the following provision:
"The Supreme Court on appeal from an order granting a new trial, or upon a review of an order denying a new trial in the action in which such motion was made, or on appeal from the judgment, may order and direct judgment to be entered in favor of the party who was entitled to such judgment." Section 25-1315.03, R.R.S., 1943.
No such rule was involved in the federal case of Montgomery Ward v. Duncan, supra, and related federal cases. The differentiation was pointed out by the Nebraska Supreme Court in its case on the subject, that of Krepcik v. Interstate Transit Lines, 1950, 153 Neb. 98, 43 N.W.2d 609, and was controlling in that court's ultimate decision, the conclusion being that because of the supplemental statutory provision, the effect of the judgment entered by the trial court granting the motion for directed verdict was to dispose of the case, including the motion for a new trial, even though that motion had not been ruled upon. The reason for the variance employed by the Nebraska jurisdiction from that exemplified through the federal cases is thus apparent.
The reasoning back of the decisions in the federal cases seems to be that, by nature, a motion for new trial and a motion for judgment are separate and independent motions, each having its own function, and oftentimes one motion will assign grounds which are not to be appropriately considered in connection with the other motion. Additionally, there are the considerations of expediting litigation, avoiding expensive and unwarranted delays, and avoiding piecemeal procedure in reaching final determination on appeal. See Montgomery Ward v. Duncan, supra.
We believe that the better course for this court to follow in resolving the question here is that prescribed and followed in the federal jurisdictions. In reaching this conclusion, emphasis is placed upon the fact that the Florida rule is literally adopted from the federal rule, as it relates to alternative post-trial motions. Under this view both motions should be ruled upon.
We have indicated that a motion for judgment notwithstanding the verdict may be made independently or it can be coupled in the alternative with a motion for a new trial, as was done in the present case. Having discovered no case decided in the Florida jurisdiction specifically holding that an outstanding motion for judgment notwithstanding the verdict tolls the time within which an appeal must be perfected, we do feel that certain provisions contained in the Florida Appellate Rules have a direct bearing on the subject. Rule 3.2, subd. b, Florida Appellate Rules, 31 F.S.A., relating to commencement of proceedings, provides that:
"Appeals from final decisions, orders, judgments or decrees shall be commenced within 60 days from the rendition of the final decision, order, judgment or decree appealed from * * *." (Emphasis supplied.)
Rule 1.3, Florida Appellate Rules, 31 F.S.A., defines the term "rendition" and then following this definition delineates the effect of a post-trial motion or petition upon a decision, judgment, order or decree:

*462 "`Rendition' of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been a timely and proper motion or petition for a new trial, rehearing or reconsideration by the lower court, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of." (Emphasis supplied.)
It is seen by the language of the rule that its provisions are not restricted to a motion for new trial or a petition for rehearing. A motion for judgment n.o.v. is a formal application for "reconsideration" by the lower court of a ruling already made. Under rule 2.7(b), Florida Rules of Civil Procedure, only a party that has "* * * moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and * * * judgment entered in accordance with his motion for a directed verdict." A motion for new trial or a petition for rehearing, on the other hand, calls for an original ruling.
We are convinced that a motion for judgment notwithstanding the verdict properly and timely made must of necessity operate to suspend the period within which an appeal must be perfected. To hold otherwise could place counsel for a losing party in the position of being required to do a useless act or to make an idle gesture, since he might otherwise have to initiate appellate proceedings before he knows whether an appeal will be necessary or whether, instead, his motion will be ultimately granted. A similar line of reasoning was followed by the Supreme Court of Florida in the case of Kent v. Marvin, Fla. 1952, 59 So.2d 791, wherein the court held that a motion for new trial in a common law action made within the time provided by law tolled the running of the appeal period until disposition of the motion by the trial judge.
We add that defendant, for purposes of computing the appeal period, can not utilize the nunc pro tunc date fixed by the order of June 16, 1961. To do so would allow that order to work retroactively so as to completely obviate the running of an available appeal period insofar as the plaintiff is concerned. Adverting again to rule 1.3 Florida Appellate Rules, we note that it states explicitly the conditions under which an order is deemed to be effective for appellate procedural purposes, stating that it must be in writing, signed, and made a matter of record if required. The notice of appeal which forms the basis of the proceeding now before us was filed three days after entry of the order dated June 16, 1961, formally recording the denial of the motion for judgment made by defendant. This notice of appeal seeks review of the final judgment entered in favor of defendant and sought to be set aside by the plaintiff on her motion for judgment n.o.v. Denial of the motion for judgment became effective only when that order had been formally entered by the trial judge.
We conclude that the alternative motion for judgment n.o.v., until disposed of, had the effect of staying the period in which the appeal here had to be brought until disposed of. The appeal is now before us on its merits from the final judgment with no pending motion. It follows that the motion to dismiss should be and is denied.
SMITH and WHITE, JJ., concur.
NOTES
[1] "(b) Reservation of Decision on Motion. Whenever a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury at such time subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with the motion for a directed verdict.

"(c) Joined With Motion for New Trial. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."