591 P.2d 1329 (1978)
John THORPE, Plaintiff-Appellant,
v.
DURANGO SCHOOL DISTRICT NO. 9-R, the Board of Education of Durango School District No. 9-R, and Donald Buchnell, Marvin Giersch, Sam Callaway, Larry Bruton, Gino Piccoli, Robert Ashburn, and C. J. Brasher, Individually and as Directors of said District, Defendants-Appellees.
No. 78-068.
Colorado Court of Appeals, Division I.
November 2, 1978.
As Modified On Denial of Rehearing December 21, 1978.
Certiorari Granted March 19, 1979.
*1330 Hobbs & Waldbaum, P.C., Larry F. Hobbs, Douglas B. Koff, Denver, for plaintiff-appellant.
Hamilton, Hamilton & Shand, P.C., E. B. Hamilton, Durango, for defendants-appellees.
SMITH, Judge.
Plaintiff, John Thorpe, appeals from a judgment notwithstanding the verdict entered in favor of defendant Durango School District Board of Education. We reverse the trial court's ruling, and remand with directions to reinstate the jury's verdict.
Thorpe was employed as a non-tenured mathematics teacher at Miller Junior High School by Durango School District No. 9-R for the 1974-1975 and 1975-1976 school terms. During most of this period, including the entire 1975-1976 term, Thorpe was actively involved with and was a member of the Durango Education Association (D.E.A.), an organization of teachers which represented its members in their dealings with the Durango School Board.
In April 1976, the seven member Durango Board of Education unanimously voted not to renew Thorpe's teaching contract. Thorpe then brought suit against the School District, the Board of Education, and the board members individually, claiming that the decision not to renew his contract was made in retaliation for his activities as a D.E.A. member, and was thus violative of 42 U.S.C. § 1983.[1]
Trial was held to a six member jury which returned an $11,000 verdict for Thorpe. Thereupon defendants moved for judgment notwithstanding the verdict, asserting that there was no evidence from which the jury could find impermissible discrimination against Thorpe. The court denied the motion. Defendants then filed a motion for a new trial raising as error, inter alia, the trial court's failure to grant judgment notwithstanding the verdict. Upon hearing of this motion, the court reconsidered its prior decision and entered judgment notwithstanding the verdict for defendants.
On appeal, Thorpe argues that since the board members admitted at trial that Thorpe's D.E.A. activities were discussed and considered by them in the course of their decision not to renew Thorpe's contract, sufficient evidence was presented to support the jury's verdict, and that therefore entry of judgment notwithstanding the verdict was error. We agree.
The school board members who testified at trial all indicated that Thorpe's D.E.A. activities were discussed by them during their evaluation of Thorpe's professional performance. Thorpe testified that the principal of Miller Junior High indicated to him that D.E.A. activities were the cause of his "diminishing skills." Mr. Bruton, a school board member, testified to the effect that Thorpe was not renewed because of his "union involvement," and that Bruton's vote for nonrenewal was done only at the suggestion of Dr. Kutzled, the superintendent of schools, in order to preserve a unanimous, united front. The other members of the board who testified all indicated that Thorpe's D.E.A. activities were known to and discussed by them in arriving at their decision.
It is true that evidence was presented that complaints had been received by board members and the school administration from parents and students regarding *1331 Thorpe's conduct as a teacher and that his D.E.A. activities were causing friction among the other teachers; however, there was also testimony to the effect that Thorpe was widely esteemed by his colleagues and had received an award as "teacher of the year" from the Miller student council.
On the evidence in the record, the jury could properly infer that either the school board's action in not renewing Thorpe's contract was because of the complaints, or that it was because of his membership in the D.E.A.
Where there exists two inferences that the trier of fact can draw from the evidence, it is error for the trial court to select one not chosen by the jury. Cockrum v. Whitney, 479 F.2d 84 (9th Cir. 1973). And, a jury's verdict can be set aside and judgment notwithstanding the verdict entered only if the evidence is such that reasonable men could not reach the same conclusion as the jury. McGlasson v. Burger, 163 Colo. 438, 431 P.2d 788 (1964). Thus, the trial court erred in setting aside the jury verdict, that verdict being sustainable on the evidence presented.
Thorpe also contends that the trial court erred in disallowing an award of his attorney's fees as permitted by 42 U.S.C. § 1988. This section provides that:
"In any action or proceeding to enforce. . . this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." (emphasis supplied)
By virtue of our direction to reinstate the jury's verdict, Thorpe is now the prevailing party for the purposes of this section. Therefore, the propriety of awarding attorney's fees to Thorpe must be remanded to the trial court for its consideration and determination.
Since the trial court failed to rule on the other assertions of error contained in defendants' motion for new trial as required by C.R.C.P. 50(c), the cause must be remanded for a ruling on such portions of the motion as remain undetermined. Ross v. Arrow Manufacturing Co., 134 Colo. 530, 307 P.2d 196 (1957).
The judgment is reversed and the cause is remanded with directions to the district court to reinstate the verdict of the jury, to rule upon the remaining issues in defendants' motion for a new trial, and, if appropriate following the court's resolution of defendants' motion, to consider an award of attorney's fees under 42 U.S.C. § 1988.
BERMAN, J., concurs.
COYTE, J., dissents.
COYTE, Judge, dissents:
I dissent.
The jury verdict is based entirely on conjecture and speculation.
Thorpe had no tenure. Section 22-63-112, C.R.S.1973. The board did not and was not required to state a reason why it did not continue his contract. As an administrative body, its actions in performing its statutory duties are presumed to be valid; Public Utilities Commission v. District Court, 163 Colo. 462, 431 P.2d 773 (1967); and the burden is upon a discharged teacher to prove that a school board acted improperly in discharging him. Robertson v. Board of Education, Colo.App., 570 P.2d 19 (1977). The same rule is applicable in actions for damages under 42 U.S.C. § 1983. Adams v. Campbell County School District, 511 F.2d 1242 (10th Cir. 1975); Schmidt v. Fremont County School District No. 25, 558 F.2d 982 (10th Cir. 1977).
Each board member who testified stated that Thorpe's D.E.A. activities were discussed by them before arriving at their decision. These discussions, however, centered on his improper actions on behalf of the D.E.A. Two instances were brought to the attention of the boardone in which Thorpe had pressured a teacher to pay D.E.A. dues and threatened retaliation if the dues were not paid; and another incident where he had pressured a teacher to become involved in union activities. Both incidents caused the teachers to be upset *1332 and were reported by the teachers to the school principal.
Four of the seven school board members who voted not to hire Thorpe for the succeeding year testified that their votes were based upon reports of unsatisfactory treatment of slower students in Thorpe's math classes, his absence from the classroom, and the principal's report that there were more complaints from parents and requests by students to transfer from Thorpe's class than from any other class. Since two board members did not testify, their motivation for voting non-retention is unknown, and one of the board members testified that he thought Thorpe was a good teacher but voted in favor of non-retention so as to have a unanimous vote.
There was also evidence that Thorpe had embarrassed a student and the student's mother before his class. Thorpe also cancelled school functions so that he could participate in D.E.A. activities. There was no testimony by any witness that Thorpe's membership in the D.E.A. or his legitimate D.E.A. activities had any influence on the decision of the board not to retain Thorpe. In fact, most of the board members were themselves union members or members of various educational associations.
Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) rejected the rule that civil rights are denied where protected conduct plays a part in a decision not to rehire. The court stated that such a rule "could place an employee in a better position as a result of the exercise of constitutionally protected conduct that he would have occupied had he done nothing." Where the employee has engaged in impermissible First Amendment activities of which the board members are cognizant when making their decisions, on retention this rule could require retention even if independent grounds existed to justify dismissal.
"The constitutional principle at stake is sufficiently vindicated if such an employee is placed in no worse a position than if he had not engaged in the conduct. A borderline or marginal candidate should not have the employment question resolved against him because of constitutionally protected conduct. But that same candidate ought not to be able, by engaging in such conduct, to prevent his employer from assessing his performance record and reaching a decision not to rehire on the basis of that record, simply because the protected conduct makes the employer more certain of the correctness of its decision." Mt. Healthy City School District Board of Education v. Doyle, supra.

Since Thorpe was required to overcome the presumption that the board's actions were valid, and since there was no evidence in the record that the board failed to renew the contract because of Thorpe's permissible D.E.A. activities, I would affirm the judgment of the trial court.
NOTES
[1] We note that in seeking to enforce this section, state courts exercise concurrent jurisdiction with federal district courts over suits of a civil rights nature. Young v. Board of Education, 416 F.Supp. 1139 (D.Colo.1976).