Dorothy E. CONVERSE, Plaintiff-Appellee and Cross-Appellant,

v.

John M. ZINKE and Beverly A. Zinke, Defendants-Appellants and Cross-Appellees.

No. 78–462.

Colorado Court of Appeals, Div. II.

Oct. 18, 1979.

Rehearing Denied Nov. 8, 1979.

Certiorari Granted Jan. 14, 1980.

Paul Snyder, Bradley J. Yoder, Castle Rock, for plaintiff-appellee and cross-appellant.

Carvell & Mullens, Steven U. Mullens, Colorado Springs, for defendants-appellants and cross-appellees.

VAN CISE, Judge.

Defendants appeal a judgment for a balance due on a promissory note entered upon the granting of plaintiff's motion for judgment notwithstanding a jury verdict in defendant's favor. Plaintiff cross-appeals a judgment on defendants' counterclaims for breach of warranty. We affirm the judgment on the counterclaim and reverse the judgment on the note.

Plaintiff sold her equipment rental business to defendants in exchange for $10,000 cash and a $26,000 promissory note secured by a financing statement and security agreement. Defendants made no payments on the note, and plaintiff sued for the $26,000 balance plus interest, attorney fees, costs, and for a decree foreclosing on the security. Defendants pled lack of consideration and fraud, and counterclaimed for damages for breach of express and implied warranty and for fraud arising out of plaintiff's representations as to the value and condition of the rental inventory, stock in trade, and equipment.

At the conclusion of defendants' case, plaintiff's motion for directed verdicts was denied. The jury, by special interrogatories and verdicts, found a failure of consideration for the contract of sale between the parties, a breach of both an express and an implied warranty, no fraudulent representation by plaintiff, and determined defendants were damaged $8,500 as a result of breach of the express warranty. Verdicts were entered against the plaintiff on her promissory note claim, for defendants in the amount of $8,500 on the express warranty and for zero amount on the implied warranty counterclaims, and for plaintiff on the fraud counterclaim. The jury responses and verdicts were received and judgments were entered thereon by the court on January 21, 1978. On Monday, February 6, plaintiff filed her motion for judgments notwithstanding the verdict or for new trial as to the judgments on her claim and on the counterclaim. Thereafter, the court determined as a matter of law that there was consideration for the contract of sale and the note, and granted plaintiff's motion for judgment notwithstanding the verdict as to her claim in the amount of $26,000 plus interest and $200 attorney fees. It denied her motion for judgment notwithstanding verdict as to defendants' breach of warranty counterclaims, and entered judgment for the net of $17,500 (the $26,000 less $8,500) plus interest, attorney fees, costs, and decreed foreclosure. It then denied the motion for new trial in its entirety.

## I.

Plaintiff contends that defendants have no standing to bring this appeal because in their notice of appeal they merely indicated that they "will file an appeal of the above-captioned matter," rather than, as required by C.A.R. 3(c), designating the judgment, order, or part thereof appealed from. Admittedly this was poor pleading and technically violated the rule. However, since non-compliance with C.A.R. 3(c) does not affect the validity of the appeal, C.A.R. 3(a), and since there can be no doubt in this instance that the only court action to which defendants would object is the entry of the judgment notwithstanding the verdict, we will not insist on strict compliance here. *See* C.A.R. 2; *Service Oil Co. v. Rhodus*, 179 Colo. 335, 500 P.2d 807 (1972); *Happy Canyon Investment Co. v. Title Insurance Co.*, 38 Colo.App. 385, 560 P.2d 839 (1976).

## II.

██ Defendants contend that since plaintiff filed her motion for judgment notwithstanding verdict on the sixteenth day rather than within ten days after verdict and judgment, the trial court lacked jurisdiction to grant the motion and enter judgment in favor of plaintiff on her claim. We agree.

██ Filing a motion for judgment notwithstanding the verdict within 10 days after receipt of the verdict is mandatory. C.R.C.P. 50(b); *Ross v. Arrow Manufacturing Co.*, 134 Colo. 530, 307 P.2d 196 (1957). Unless the motion is filed within that time, a court has no power to pass on it, *Ross, supra; Mero v. Holly Hudson Motor Co.*, 129 Colo. 282, 269 P.2d 698 (1954), or to enter such a judgment. *Mero, supra.* Since C.R.C.P. 6(b) provides that a court may not extend the time for taking any action under C.R.C.P. 50(b), an order enlarging the time within which to file the motion is without effect. *Mumm v. Adams*, 134 Colo. 493, 307 P.2d 797 (1957).

██ At the same time it granted plaintiff's motion for judgment, the court denied her timely filed motion for new trial on her claim. No reasons were assigned for the denial, and we are unable to determine what decision the court would have made as to a new trial on that claim had the motion for judgment not been granted. We therefore remand the matter for reconsideration of plaintiff's motion for a new trial on her claim. C.R.C.P. 50(d).[1]

## III.

Since the judgment against defendants on the fraud counterclaim was not appealed, that is final.

## IV.

██ In appealing the judgment on the counterclaims for breach of warranty, plaintiff contends that the trial court erred in submitting these issues to the jury. We do not agree. There were factual questions as to the existence and extent of both warranties that could not have been resolved as a matter of law and required resolution by the finders of fact.

██ Plaintiff further contends that there was insufficient evidence to support any determination of the value of the inventory as represented by plaintiff or its actual value at the time of sale, and that, therefore, the jury's determination of damages is not supported by the evidence. We disagree.

Included in the evidence was an inventory listing along with individual item valuations. Plaintiff argues that these amounts were the amounts paid by her at the time of their purchase and were not her representations of their value at the time of the sale. Defendants, however, argue to the contrary, and the trial court properly left the question to the jury for its determination. Plaintiff similarly argues that there was no evidence of actual value of the inventory at the time of the sale. There was, however, evidence presented by defendants pertaining to the uselessness of some of the items and the varied state of disrepair of the inventory generally. This evidence, if believed by the jury, is sufficient to apprise the jury of the inventory's lack of value at the time of the sale, and we therefore cannot say that the jury's verdict is unsupported.

Plaintiff also raises several contentions with regard to the trial court's instructions to the jury. We have reviewed these contentions and find them to be without merit.

The judgment entered upon defendant's counterclaims is affirmed. The judgment notwithstanding the verdict entered on plaintiff's claim is reversed, and the cause is remanded to the trial court for its reconsideration of plaintiff's motion for a new trial on her claim, and for further proceedings.

SILVERSTEIN and RULAND, JJ., concur.

---

1. Note that C.R.C.P. 50(b) was amended to 15 days effective January 1, 1980.