The PEOPLE of the State of Colorado, Petitioner–Appellee, In the Interest of M.C., a Child,

and Concerning S.O.V., Respondent–Appellant.

No. 91CA1192.

Colorado Court of Appeals, Div. III.

Dec. 17, 1992.

Bradley K. Kolman, County Atty., Delta, for petitioner-appellee.

David C. Johnston, Paonia, for respondent-appellant.

Opinion by Chief Judge STERNBERG.

In this paternity suit, both parties appeal orders of the trial court. Respondent, S.O.V., appeals from a judgment notwithstanding the verdict declaring him to be the father of a minor child, M.C. We reverse the judgment notwithstanding the verdict and remand for consideration of the new trial motion.

S.O.V. and M.C.'s mother-to-be were married in 1978 and had one child, not the subject of this proceeding. They separated during the fall of 1980, filed for dissolution of marriage in November 1980, and the dissolution decree was entered in April 1981. On August 20, 1981, S.O.V.'s ex-wife (mother) gave birth to M.C., a full-term baby.

In 1989, the County Department of Social Services instituted this action, seeking to have S.O.V. declared the father of the second child.

Two legal presumptions that S.O.V. was the natural father were established prior to trial: one by the child's full-term birth within 300 days after the marriage was terminated, *see* § 19–4–105(1)(a), C.R.S. (1992 Cum.Supp.); the second as the result of a blood test, the validity of which was unchallenged by S.O.V., establishing that there was a 99.9% probability that he was the father. *See* § 19–4–105(1)(f), C.R.S. (1992 Cum.Supp.) and § 13–25–126, C.R.S. (1992 Cum.Supp.).

At trial, the mother's testimony was that the critical sexual act had occurred between the parties in November 1980 at the house rented by them in southwest Colorado. S.O.V. denied that intercourse took place then or at any time for over twelve months prior to the birth of the child.

Moreover, he testified that he had moved to another town in August of 1980, had removed his property from the rental home in October, and had moved the mother's property from the rental home several months earlier. S.O.V.'s brother corroborated the October moving date and produced photos of the move. In addition to this testimony, both parties presented character witnesses. The trial court gave jury instructions defining "presumptions" and correctly explaining the burden of proof to overcome them.

The jury returned a special verdict finding S.O.V. was not the father of M.C. The People moved for a judgment notwithstanding the verdict and in the alternative for a

new trial. The trial court granted the motion for judgment notwithstanding the verdict and, based in part on this ruling, denied the motion for a new trial.

### I.

■ S.O.V. contends that the trial court erred in entering the judgment notwithstanding the verdict. We agree.

Pursuant to C.R.C.P. 59(e)1), a trial court may grant a motion for judgment notwithstanding the verdict on the grounds of insufficiency of evidence. However, such a judgment may be granted only if the evidence, taken in the light most favorable to the nonmoving party and drawing every reasonable inference which may be drawn from the evidence in favor of that party, would not support a verdict by a reasonable jury in favor of the party opposing the motion. *Nelson v. Hammon,* 802 P.2d 452 (Colo.1990).

Here, application of this standard is complicated by the two statutory presumptions in favor of respondent being M.C.'s father. Section 19–4–105(2), C.R.S. (1992 Cum. Supp.) provides that these presumptions may be rebutted "only by clear and convincing evidence." Such evidence must be proof which persuades the finder of fact "that the truth of the contention is 'highly probable,'" *see Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979)) and "free from serious and substantial doubt." *CJI–Civ.3d* 3:2 (1988).

In its order, the trial court set forth the elements of S.O.V.'s testimony in its findings and conclusions. It acknowledged, moreover, that such evidence, under other circumstances, could have been enough to support the jury's verdict. The court then concluded:

> The court must analyze the evidence with the view that the blood test results and the child's birth within 300 days after dissolution of the marriage did establish presumptions of paternity, and the court must then view the evidence to see if it satisfies the burden on [S.O.V.] to rebut the presumptions by clear and convincing evidence. In other words, is the state of the evidence such that it can be said to satisfy reasonable minds that it is highly probable and free from serious doubt that [S.O.V.] is *not* the father of the child?

Thus, in granting a judgment notwithstanding the verdict, the court decided that no reasonable jury could find that S.O.V. had presented clear and convincing evidence which overcame the statutory presumptions. This was error.

The crux of S.O.V.'s argument is that the trial court misapplied the applicable standard because it did not view the evidence presented in his favor. We agree. A reasonable jury could find that S.O.V.'s evidence, consisting of his direct testimony plus corroborative testimony and exhibits, met the clear and convincing standard.

If it were not for the statutory presumptions, this would simply resolve into a jury question of credibility of witnesses testifying contrary to each other. In our view, it cannot be said that the statutory presumptions change this result so that the issue becomes one of law. To so conclude would be to hold that the two rebuttable presumptions at issue add up to an irrebuttable one.

S.O.V. denied having sexual intercourse with the mother for over twelve months before the birth of the child. He corroborated this with details of when the parties moved out of the house where the alleged act took place, including his brother's testimony about the move, pictures taken during the move, and character witnesses.

Conversely, the jury could have found the mother's credibility to be suspect by her eight year delay in bringing the paternity suit, her failure to name S.O.V. as the father on the birth certificate, her failure to report the pregnancy to the dissolution of marriage court, and her having another man's name tattooed on her body subsequent to the birth.

Hence, if S.O.V.'s evidence is taken in the light most favorable to him, he could not have fathered M.C. The question thus becomes: Does S.O.V.'s evidence, when believed, become free from serious and substantial doubt and thus meet the clear and convincing standard necessary to rebut the

statutory presumptions? In our view it does.

A reasonable jury believing S.O.V. could find the presumption of paternity due to marriage overcome by S.O.V.'s testimony that he last had intercourse with the mother in early August 1980 when it was stipulated that the earliest date for conception was early November of 1980. Taken as true, this evidence rebuts the inference under the marriage presumption that S.O.V. possessed both the opportunity and ability to father the child within the critical time.

S.O.V.'s evidence to rebut the presumption raised by the blood test was his denial and the parties' stipulation that, based on the number of caucasian men living in Colorado in 1980, 825 had blood characteristics which could match those of S.O.V. There was also testimony as to the margin of error in such tests.

Thus, if the jury accepted S.O.V.'s testimony as true, then it reasonably could have found that a non-excluded man was the father, either from the group shown by the test to exist or from the larger group that would exist if the test results were at the bounds of its margin of error.

In sum, we conclude that, when taken in the light most favorable to him, S.O.V.'s evidence is sufficient for a reasonable jury to consider it as clear and convincing proof sufficient to rebut the presumptions.

## II.

The People argue that the court erred in denying their motion for a new trial which was based upon allegations of juror misconduct.

A court may grant a motion for a new trial pursuant to C.R.C.P. 59(d) based on jury misconduct, and the people here submitted evidence indicative of such misconduct. The court, however, declined to reach the merits of the motion, finding that granting the judgment notwithstanding the verdict resolved the issue. It noted that it had elected not to consider the motion as "it would inevitably lead this litigation into a quagmire of prolix legal abstraction."

 Whether or not that is accurate, the court should have ruled on the new trial motion. *Grange Mutual Fire Insurance Co. v. Golden Gas Co.*, 133 Colo. 537, 298 P.2d 950 (1956). In any event, the People are entitled to have their motion ruled upon in light of our opinion. *Ross v. Arrow Manufacturing Co.*, 134 Colo. 530, 307 P.2d 196 (1956).

 We decline to rule on the merits of that motion as a trial court is generally in the best position, given its presence and observation of the trial, to determine whether a new trial is required. *Garcia v. Estate of Wilkinson*, 800 P.2d 1380 (Colo. App.1990).

Consequently, the judgment notwithstanding the verdict is reversed, and the cause is remanded for a ruling on the People's motion for a new trial.

CRISWELL and ROTHENBERG, JJ., concur.