No. 17,056.

JACKSON *v.* MOUNTAIN UTILITIES CORPORATION.
(263 P. [2d] 812)

Decided November 23, 1953.   Rehearing denied December 14, 1953.

Messrs. BARNARD & BARNARD, for plaintiff in error.

Messrs. JANUARY & YEGGE, MARGARET R. BATES, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error, as plaintiff, on the 14th day of December, 1951, filed a complaint in damages against the Mountain Utilities Corporation in the district court of Grand county. He alleged that on the 15th day of July, 1951, defendant had negligently maintained a rotted power-line pole which was part of a power line running along a road adjacent to plaintiff's home and fishing resort; that the pole became loosened and fell, carrying with it the power transmission lines in such a manner that they extended across the road at a distance of about one foot from the ground near the roadway entrance to plaintiff's property; that when plaintiff passed in the vicinity of said power transmission wires, electricity was communicated to his body with the result and to his damage in the sum of $21,465.

An answer was filed, being a general denial and containing affirmative defenses to the effect that the damages claimed by plaintiff were occasioned by plaintiff's assumption of risk; that they were caused by plaintiff's own negligence and his contributory negligence; and finally, that the incident was an unavoidable accident for which no one was to blame.

The case consumed approximately four days in the trial to a jury. At the close of all the evidence, defendant moved for a directed verdict which was considered and denied with leave to renew after a verdict. The jury retired, deliberated all evening, and about midnight returned a verdict for plaintiff in the sum of $7,500, at which time counsel for defendant stated to counsel for plaintiff, in the presence of the trial court, that he would

like to have twenty days in which to file his motions, which request was consented to, and the trial court entered an order without objection, giving defendant twenty days to file such motions and take such action as it may elect. Within the twenty days allowed, defendant filed a renewal of motion for directed verdict, or motion for judgment notwithstanding the verdict, also a motion to correct the verdict, and a motion for new trial or order dispensing with same. At the time of the hearing on these motions, plaintiff's counsel filed motions to strike defendant's motions on the ground that under Rule 6 (b) of the rules of civil procedure such motions are required to be filed within ten days after verdict, and that the court was specifically precluded from extending the time beyond the ten-day limitation.

On June 28, 1952, the court granted the motion for judgment filed by defendant and entered judgment of dismissal against plaintiff in favor of defendant. In other words, the trial court set aside the jury's verdict, sustained defendant's motion for directed verdict, and dismissed the complaint. The action of the trial court in extending the time for filing of defendant's motion and the ruling of the court thereon in setting aside the jury's verdict and directing a verdict in defendant's favor is now specified as error by counsel for plaintiff.

We find 98 mimeographed pages of brief and reply brief on questions that should not have required half that much unnecessary reading. First of all we find plaintiff consumed twenty-two pages in discussion of a point that should never have been here at all; and in good grace, counsel was in no position to raise the question. We refer to the objection to the extension of time in good faith ordered by the trial court for the filing of motions after the verdict. Plaintiff does not deny, and tacitly admits, consenting to such order, but claims it was done in ignorance of the rule. At the time of the order allowing counsel for defendant twenty days in which to file motions, defendant's counsel asked no more

480

of a favor, and likely less, than plaintiff's counsel later asked this court, namely, for leave to file its opening brief after the expiration of time allowed under the rules. The goose and the gander should eat sauce from the same platter.

█ The rule which necessitates this needless discussion is Rule 6 (b), as amended, effective August 18, 1951, which is as follows: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 25, 50 (b), 52 (b), 59 (e), and 60 (b), except to the extent and under the conditions stated in them, nor shall it extend the period in which a writ of error may be sued out. (Supplants Code Sec. 417.)"

There is nothing in this rule that precludes the parties from voluntarily agreeing to a longer period within which to file such motion, and such action by counsel defeats no purpose of the rule. The acquiescence of plaintiff's counsel in such an order without objection related only to a procedural matter and was not a surrendering of any substantial legal rights of his client. When counsel now claim ignorance of the terms of the rule at the time the order was entered, they cannot be relieved of the consequences on that plea, because even laymen are held to the proposition that ignorance of the law is no excuse. When they failed to object and permitted counsel for defendant to depend upon the extended time, they are estopped from taking any advantage of the act so permitted to be done by defendant's counsel, and cannot now prevail in a position inconsist-

ent with their position upon which their adversary acted. Equity and good conscience compels us to say that this assignment of error is without merit.

We now must consider the ruling of the trial court in setting aside the verdict and dismissing the complaint. This requires a brief summary of the facts to ascertain whether the evidence supports the judgment which undoubtedly was based upon one or the other or both, contributory negligence and assumption of risk; also the question of whether or not the negligence of defendant, if any, was the proximate cause of plaintiff's injury.

On the date hereinbefore mentioned, defendant maintained a power line along a roadway adjacent to plaintiff's premises and the entrance thereof. Near this point was a pole of defendant's power line, which, the evidence shows, had been inspected the day before and found to be rotted at the ground and it was marked for replacement. On the day of the accident, according to the testimony, there was a slight wind storm which caused the pole to break off and fall over, without touching the ground, it being left suspended by the wires. This happened shortly before the arrival of plaintiff in his automobile, accompanied by his wife, daughter and son-in-law, who had been away on a picnic and were returning home. On approaching the access road to their home they saw that the pole had fallen; that the wires were across the road; and a barricade in the form of a sand screen had been placed in the road by a party who had observed the situation from plaintiff's home. On seeing the situation, plaintiff stopped his car and all occupants got out and after some discussion concerning the danger of the live wires, the entire party, instead of going around the garden fence to their home, went through and between the wires unharmed. After reaching the house, plaintiff found some guests who were ready and waiting to leave his premises, but were unable to do so on account of the wires being across the road. Whereupon, plaintiff suggested to his son-in-law that they take

a rope from the barn or garage, tie it onto the pole, and pull it up sufficient to raise the wires and enable cars to pass out thereunder. This suggestion was followed, and without relating all the detail, it appears that in the attempt to raise the pole, plaintiff in some way, either touched a live wire or was in such close proximity thereto that the electric current entered his person and caused his injury.

Whether or not defendant was negligent under the circumstances here, we need not discuss. However, assuming that plaintiff made a prima facie case of negligence on the part of defendant, that negligence in and of itself caused no injury to plaintiff; if there was negligence it was remote and not the proximate cause of his injury. Plaintiff was aware of the extreme danger surrounding contact with high-voltage electrical wires, and it cannot be disputed that such danger was discussed freely and repeatedly by plaintiff and others involved, and with that knowledge and through his own independent act, he brought about the unfortunate happening; he thereby created a condition that was merely a circumstance of the accident and not its proximate cause. He had fully appraised the entire situation and the danger connected therewith. What had happened on account of the negligence of defendant, if any, was before his eyes, but he elected, without being in any emergency, to take all the chances that were involved, even to the known risk of his life, and thereby assumed any unfavorable results that might obtain. He was under a duty to exercise the care of a prudent person and to avoid injury, and his failure to use such care in the face of known danger was the direct contribution to his injury. Here plaintiff's conduct involved an undue risk of harm to which he voluntarily exposed himself. That plaintiff had knowledge of the present danger is not denied by him, and cannot be disputed, and that, in the last analysis, is the important factor in determining that he was guilty of contributory negligence, which precludes his recovery. This negligence directly contributed to the injury

which resulted from plaintiff's assumption of the risk involved.

For these reasons the trial court should have sustained defendant's motion for a directed verdict at the close of all the evidence, and this being true, there was no error on the part of the court in setting aside the verdict and dismissing the complaint.

The judgment is affirmed.