## No. 19,740.

### A. E. CRANDALL v. THE MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, ET AL.

(368 P. [2d] 414)

Decided January 22, 1962.   Rehearing denied February 13, 1962.

Mr. BRUCE OWNBEY, Mr. RICHARD M. KRANZLER, for plaintiff in error.

Messrs. AKOLT, TURNQUIST, SHEPHERD & DICK, Mr. LAEL

S. DeMuth, Mr. Carl F. Eiberger, Mr. Luis D. Rovira, for defendant in error The Mountain States Telephone and Telegraph Company.

Messrs. Shivers, Banta & McMartin, Mr. George A. Epperson, Mr. Donald F. McClary, for defendant in error Morgan County Rural Electric Association.

*In Department.*

Opinion by Mr. Justice Moore.

We will refer to plaintiff in error as Crandall or plaintiff; to Mountain States Telephone and Telegraph Company as the phone company; and to The Morgan County Rural Electric Association as REA.

Crandall brought the action to recover damages for personal injuries allegedly caused by the negligence of the phone company and REA under circumstances hereinafter mentioned. Trial was to a jury. The court directed a verdict in favor of REA and submitted the case against the phone company to a jury which returned a verdict in its favor. Crandall seeks review by writ of error.

The complaint of plaintiff contained two claims, one as related to each of the defendants named therein. Allegations pertinent to each of the claims set forth in the complaint are, in substance, that plaintiff was in the business of moving houses, buildings and structures on the highways, and held a Certificate of Public Convenience and Necessity authorizing him to do so; that he had agreed to move three six-ton oil storage tanks belonging to one O. D. Phillips; that in order to move the tanks to their intended destination over a route chosen by plaintiff it was necessary to pass under the telephone lines of the phone company at or near the city of Fort Morgan; that pursuant to requirements of that company and for a consideration to be paid by Phillips, arrange-

ments were made to raise the telephone wires at the point where the truck would pass under them on the highway.

The allegations of the complaint relating to the asserted negligence of the phone company are as follows:

" * * * Defendant Phone Company in compliance with its agreement sent out three employees to lift the phone company wires in order to allow the Plaintiff's equipment and storage tanks to pass under said lines where the same pass over the aforementioned public highways; that the Defendant Phone Company negligently, carelessly and recklessly failed to lift said wires sufficiently to allow Plaintiff's equipment and storage tanks to pas thereunder, thereby preventing Plaintiff from continuing on the highway; that one of the Defendant Phone Company's employees, Gene Mathis, directed the Plaintiff to climb upon a storage tank to lift the Defendant Phone Company's wires over the tanks; that the Plaintiff relying upon the superior knowledge of the Defendant Phone Company's employee did not realize the danger to the Plaintiff as hereinafter described to-wit: That at said time and place the Defendant Electric Company maintained its power lines in the vicinty of said Defendant Phone Company's wires; that said Defendant Electric Company's lines were improperly insulated and were maintained with improper clearance from the Defendant Phone Company's lines as required by the National Electrical Safety Code, 5th Edition, issued by the Department of Commerce, Bureau of Standards of the United States of America, adopted by 115-4-6(4), 1953 CRS; that said dangerous condition was known or should have been known by the Defendant Phone Company; that the Defendant Phone Company negligently, carelessly and recklessly failed to request the Defendant Electric Company to shut off the power to said power lines; that by reason of the aforementioned facts and negligence of the Defendant Phone Company there was caused to be an electrical contact between the Plaintiff and the Defend-

ant Phone Company and the Defendant Electric Company's powers lines."

Allegations of negligence were attributed to REA as follows:

" * * * Defendant Electric Company, negligently, carelessly and recklessly maintained its power lines so that the same were within a dangerous proximity of the Plaintiff and others using said Public Highway; that the moving of buildings and structures is common in the area and community herein involved; that the Defendant Electric Company knew or should have known of the fact that buildings, structures and houses are apt to be moved upon the Public Highways in the community herein involved; that the Defendant Electric Company negligently, carelessly and recklessly failed to properly insulate its power lines which span the Public Highway at the point herein involved and are within a dangerous proximity of the lines of the Defendant Phone Company; that in addition to the aforementioned negligence, of the Defendant Electric Company, said Defendant Electric Company was further negligent in that the Defendant Electric Company violated Section 23 of the National Electrical Safety Code, 5th Edition, issued by the Department of Commerce, Bureau of Standards, adopted by the 1953 CRS, 115-4-6(4) in that said Defendant failed to properly insulate and maintain the clearance therein required; that by reason of the aforementioned negligence, an electrical contact was created between the Plaintiff and the Defendant Elecric Company's power lines as is more specifically described in paragraph 5 of the First Cause of Action."

The allegations of negligence were denied by the defendants and affirmative defenses were alleged as follows: That the incident resulting in injury to plaintiff was an unavoidable accident; that no alleged negligence of defendants was the proximate cause of injury to plaintiff; that the plaintiff was guilty of contributory negligence; that the proximate cause of the injury was

plaintiff's own conduct; and that Crandall assumed the risk of injury.

■ With reference to the claim against REA, no error was committed by the trial court in directing a verdict in its favor. There is no evidence whatever in the record tending to establish negligence on the part of REA in the construction or maintenance of its power lines. It had no advance knowledge whatever of plaintiff's plans to move the tanks, nor of the raising of the phone company's lines to permit the passage of the tanks. REA first learned of plaintiff's attempt to move the tanks after the injuries were sustained by him.

With reference to the claim against the phone company, we consider the evidence in the light most favorable to the plaintiff and conclude that as a matter of law the evidence of negligence on the part of the phone company was not sufficient to establish its acts or conduct as the proximate cause of plaintiff's injuries nor to warrant submission of that question to the jury. Had a verdict been returned in favor of plaintiff it would have been the duty of the trial court to set it aside.

■ Crandall was an independent contractor with a considerable knowledge of the dangerous characteristics of electricity. He knew the exact location of the power lines of REA above the telephone wires. All that was done by the phone company with respect to raising its lines was known to him and was done at his request. He got on top of the tank knowing the danger that would attend, notwithstanding the phone company employees at the scene warned him repeatedly to look out for the power lines of REA. There was no competent evidence establishing that any voltage passed from the power lines to the phone lines, or that any voltage passed from the phone lines to plaintiff. On the contrary, the evidence established conclusively that there was no contact of power between the REA high voltage lines and the telephone wires. It is clear that plaintiff did not exercise the care which ordinary prudence demanded under

the circumstances, and that he failed to heed the warnings of the phone company employees to be careful of the power lines. While on top of the tank he raised up and, being too close to the power lines, the voltage passed from the REA lines to the upper portion of his body.

Under somewhat similar facts in *Jackson v. Mountain Utilities Corporation,* 128 Colo. 477, 263 P. (2d) 812, this court affirmed a judgment of the trial court setting aside a jury verdict and granting a motion of the defendant for judgment notwithstanding the verdict. From the opinion in that case we quote the following:

"Whether or not defendant was negligent under the circumstances here, we need not discuss. However, assuming that plaintiff made a prima facie case of negligence on the part of defendant, that negligence in and of itself caused no injury to plaintiff; if there was negligence it was remote and not the proximate cause of his injury. Plaintiff was aware of the extreme danger surrounding contact with high-voltage electrical wires, and it cannot be disputed that such danger was discussed freely and repeatedly by plaintiff and others involved, and with that knowledge and through his own independent act, he brought about the unfortunate happening; he thereby created a condition that was merely a circumstance of the accident and not its proximate cause. He had fully appraised the entire situation and the danger connected therewith. What had happened on account of the negligence of defendant, if any, was before his eyes, but he elected, without being in any emergency, to take all the chances that were involved, even to the known risk of his life, and thereby assumed any unfavorable results that might obtain. He was under a duty to exercise the care of a prudent person and to avoid injury, and his failure to use such care in the face of known danger was the direct contribution to his injury. Here plaintiff's conduct involved an undue risk of harm to which he voluntarily exposed himself. That plaintiff had knowledge of the present danger is not

denied by him, and cannot be disputed, and that, in the last analysis, is the important factor in determining that he was guilty of contributory negligence, which precludes his recovery. This negligence directly contributed to the injury which resulted from plaintiff's assumption of the risk involved."

To like effect is the opinion of this court in *Currence v. Denver Tramway Corporation*, 132 Colo. 328, 287 P. (2d) 967, in which a trial court judgment dismissing an action for personal injuries sustained by one moving equipment beneath power lines, was affirmed. From that opinion we quote the following:

" * * * There is no showing that defendant company, in the construction and maintenance of its power lines, had not complied with all safety codes or ordinances and regulations. Its duty involved the exercise of reasonable care commensurate with the dangers involved. It was not required to protect against any and all possible eventualities. Such requirement would make defendant company an insurer, whereas its only duty was to guard against probabilities. It cannot be held to be negligent in not anticipating such an occurrence as is here presented, that is, the operation of an oversize crane near its power lines. The negligence heretofore observed as being rampant on this occasion was that of the contractor and Motor Crane Service. Their knowledge of the known danger and their disregard thereof fixes the proximate cause of the accident. * * * "

The judgment is affirmed.

MR. CHIEF JUSTICE DAY and MR. JUSTICE FRANTZ concur.