Wilson, J.,
delivered the opinion of the court.
Defendant Hughes subscribed $500 to aid in the. construction of an electric railway from the business portion of the *380 city of Denver along Eighth street to the town of Montclair. The original subscription agreement was in writing, and was signed by the defendant. In furtherance of his subscription, he executed three several promissory notes, each for the sum of $166.66, payable to Charles A. Raymond, treasurer of the proposed company. These notes were after maturity assigned to plaintiff, who instituted this suit to recover judgment on them. The answer admitted the execution of the notes, and alleged the consideration to have been the promise and agreement that the railway company would build, construct and operate a street railway line, from the principal business portion of the city of Denver to Montclair, along and upon Eighth avenue street; that it would run and operate passenger cars, propelled by electricity, upon and along said railway line, and would carry therein passengers to and fro for reasonable hire; that it would so operate and run said cars every twenty minutes between the hours of 7 o’clock A. M. and 11 o’clock p. M. of each day during the entire period of its charter, which was twenty years from that date. It set up a failure of consideration, however, in that there had been a failure to furnish a twenty minute continuous car service after the expiration of the first year during which the road was operated. Trial was had to the court and judgment being for the defendant, plaintiff appealed.
It is not denied that an electric railway of the character proposed was constructed within the time and over the route agreed. It is shown by the evidence that after the completion of the road cars were run over it for the transportation of passengers, as agreed, at intervals of twenty minutes for a period of about one year; that then for a period of about one year they were run at intervals of thirty minutes; and thereafter at intervals of about one hour. Defendant seeks to avoid the payment of the notes on the plea of total failure of consideration, but it is not supported either by the pleadings or the evidence. He wholly failed in his answer to allege that he suffered any damages whatever by reason of the failure of the company after the first year or at any time *381 to furnish a twenty minute continuous car service. A part at least of the conditions of the contract had been fulfilled by the construction and operation of the road, and if he was not damaged by the nonperformance of one, there was no failure of consideration, either in whole or in part. Admitting that there was evidence of a partial failure, this was not sufficient to support the judgment in favor of defendant. He could avail himself of tins only by way of a set-off, or by an original action for damages. Which of the two methods would be proper would be dependent upon the nature of the damages sought to be recovered. 2 Greenleaf, § 199 ; Riddle v. Gage, 37 N. H. 519. There was an allegation in the answer that the notes were executed and delivered “without any consideration whatever and were and are nudum paetum,” but there was no attempt to support it by any evidence.
As has been said, the original subscription agreement was in writing. It appears however to have been lost, and it was sought to prove its contents by parol testimony. Robert H. Spurgeon, a witness offered by plaintiff, testified that on the Saturday evening previous he had put the agreement in his overcoat pocket for the purpose of taking it to his home, and looking up some law point in connection therewith ; that when he looked for it after his arrival home, he found that it was gone; that he then looked for it all over the house, asked his wife about it, went back to Thirteenth street about a block, looking for it, and on Monday morning went to the barber shop where he had stopped on his way home, and inquired for it, but did not succeed in finding it. He said that he had read the agreement several times, and knew its contents. Upon inquiry as to its contents, objection was made on the ground that the testimony as to the loss of the written instrument was not sufficient to entitle plaintiff to produce secondary evidence of its contents, and the objection was sustained. This was clearly error. The existence of the writing and its loss was positively shown, and also sufficient diligence in search. The *382 witness seems to have made every reasonable effort to find the paper by looking in places where he knew that he had been after he had placed the paper in his pocket. The degree of proof of diligence in search required before secondary evidence can be admitted depends upon the circumstances of each particular case. The object of it is merely to establish a reasonable presumption of the loss of the instrument. We think that this object was fully attained in this case, and there could have been no reasonable doubt at the time of trial that the instrument ivas lost. 1 Greenleaf, § 558.
The court erred in not permitting* this witness to testify as to the contents of the subscription agreement. For this error the judgment will be reversed, and the cause remanded for a new trial, with permission to the defendant to amend his answer, if he be so advised.

Reversed.