No. 16,718.

BARTH *v.* POWELL.
(254 P. [2d] 428)

Decided February 16, 1953.

Mr. W. RUSSELL EDDY, for plaintiff in error.

Mr. F. W. HARDING, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

MALEN POWELL brought suit against Barth, alleging in his second claim, with which we are here concerned,

that he and defendant Barth had entered into an agreement whereby he agreed to purchase from defendant and the latter agreed to sell to him certain trucks; that thereunder defendant should pay to him the sum of $150.00 per month for driving one of the trucks while he was paying for them, and that after full payment plaintiff would be entitled to fifty percent of the profits made by them; that pursuant thereto plaintiff drove said trucks for a six months' period; that he was entitled to $900.00 therefor and had received on account from defendant only $375.00, leaving due him a balance of $525.00 for which amount judgment was prayed.

By answer and counterclaim, defendant Barth denied that the agreement was one of purchase and sale, and alleged that it was a partnership agreement, whereunder it was agreed that defendant was to advance money for a down payment on the trucks and advance expenses to plaintiff not to exceed $150.00 per month per truck, and plaintiff was to operate said trucks; that the profit from such operation should be used to repay defendant his expenses and make payments on the truck, and, when they were fully paid for, the profit should be split equally and the trucks should then belong to the partnership. He further alleged that pursuant to said partnership agreement he purchased certain trucks and made down payment thereon of $8,000.00; that plaintiff operated the same for six months "and spent $5,671.43 of defendant's money in operating the same over and above the expense money drawn under the partnership contract and other expenses paid out of the income from the business of the partnership"; that plaintiff by so operating the partnership business, "and further by signing defendant's name to a check for $1,495.00 drawn upon defendant's account, caused the partnership to be insolvent and to lose its equipment through foreclosure, and the amounts paid thereon, and to go out of business." Therefore, defendant prayed judgment against plaintiff

for a sum equal to one half the amount of the alleged down payment and loss. Plaintiff answered the counterclaim by general denial.

Thereafter, during the trial of the cause, defendant was permitted to file a further counterclaim in the alternative to that already filed, wherein, after alleging agreement between plaintiff and defendant for purchase and sale of trucks, as alleged in plaintiff's complaint and previously denied by him, and the value of the trucks purchased and the operation thereof by plaintiff, defendant alleged that plaintiff "by his conduct caused their loss through foreclosure" and prayed judgment for the entire value of said trucks, less the amount allegedly paid thereon to defendant.

Upon trial to the court, findings on the issues joined under said second claim were generally in favor of plaintiff and against defendant and specifically that no partnership relation existed between the parties therein, and plaintiff had judgment on said claim in the sum of $232.89, with interest.

As first ground for reversal, plaintiff in error states that "plaintiff admits and pleads partnership." The basis of such assertion is that, in the first claim plaintiff pleaded an agreement between the parties for financing and constructing a dwelling house for sale, which the trial court found constituted a partnership agreement, and that plaintiff incorporated in his second claim every allegation contained in the first. Certainly, even if plaintiff had pleaded partnership in the matters involved in his first claim, the allegation that the parties were engaged as copartners in the construction of a dwelling house would not admit or plead partnership in the purchase and operation of trucks used in an entirely separate venture. Plaintiff nowhere otherwise admitted, but positively denied, any partnership agreement in connection with the purchase and operation of the trucks, and there is no merit to this ground for reversal.

As second ground, plaintiff asserts that "the evidence proves the partnership." Admittedly, there was no written agreement of any sort between the parties. Without going at length into the testimony, we think it necessary to call attention only to the following: Plaintiff testified that he was hired as a driver only of Barth's trucks, to draw $150.00 per month, and took a reduced amount because he was to receive an interest in the trucks at the time they were paid off; that profits were to be split after they were paid for and that he was then to own a half interest in them; that, "I was never able to receive the contract, or I could never talk Mr. Barth into the notion of letting me have a contract to state that when half the trucks was paid for I would receive an interest in them. In other words, I was just working with hopes that he would give me an interest after they were paid for"; that they were not being operated at a loss, and that after six months, he quit because of the way in which Barth treated the men. Barth, on the contrary, testified as to partnership agreement with plaintiff alone, whereunder he was to put up $8,000.00 to buy the trucks and Powell was to operate them; that Barth was to advance $150.00 a month apiece for Powell and his brother to live on, and they would apply the balance of what the trucks made on their payment. He had forgotten whether he was to get back the whole or only half of his $8,000.00, which he had paid out for the trucks. Plaintiff's brother, Walter Powell, was "more or less" one of the partners, and "I think the agreement was that Walter Powell and Malen Powell was each to have a third interest, and then I was to have a third." Still later he testified that "it seemed to me that was the deal that we went into, maybe a little later after we operated a while or something that Walter Powell was going in on it too the same as Malen so we would split a third each."

Such evidence was ample to justify the trial court in determining that there was no partnership and not at

any time any definite enforcible agreement between the parties, other than for payment of $150.00 per month expense money. Upon such conflicting and confusing testimony, the determination of facts was peculiarly the province of the trial court.

As third ground, plaintiff in error asserts that "damages are the same under executory or executed contract of partnership." Unfortunately for him, the court did not find, nor do the facts patently disclose, that either an executory or an executed contract of partnership existed between the parties nor, if so, who were the parties thereto. Therefore, there is no factual basis for his proposition.

In his reply brief, plaintiff in error contends that the court erred in striking paragraph 2 of plaintiff's second cause of action, wherein he alleged that he and defendant entered into an agreement for him to sell the trucks to plaintiff and plaintiff to purchase them from him. The allegations in said paragraph had been specifically denied by defendant and he subsequently testified that the agreement was one of partnership from the start. At the time it was permitted to be stricken, it appears from the record that defendant had not yet filed his second alternative counterclaim and setoff, and his first counterclaim, upon which the case went to trial, was based solely upon partnership, and not upon any agreement of purchase and sale. In such state of the record where, as appears, the testimony did not support the allegation, and the plaintiff had been ill-advised in making the same, and no issue had yet been raised thereon, it was within the province of the court to permit the striking of the allegation. "Leave shall be freely given when justice so requires." Rule 15 (a), R.C.P. Colo.

The judgment is affirmed.

Mr. Justice Holland dissents.

Mr. Justice Alter does not participate.