No. 21589.

Lula A. McGlasson *v.* Ray Barger, Joseph Barth, Gertrude Corkery, Jacqueline Wilcox, Charles F. Garcia, Earl Yates, William Lindhorst, Harold E. Cunningham and Katheryn Paskovitch.

(431 P.2d 778)

Decided September 5, 1967.     Rehearing denied October 2, 1967.

Truman E. Coles, Colleen K. Connelly, for plaintiff in error.

Lawrence M. Henry, Donald P. MacDonald, for defendants in error.

*In Department.*

Opinion by Mr. Justice Hodges.

The parties appear here in the same order as in the trial court, and will herein be referred to as plaintiff and defendants.

The plaintiff's second amended complaint sounds in tort and alleges that the defendants wrongfully conspired to cause and induce her involuntary retirement because of total disability as a civil service clerk-typist at the United States Air Force Accounting and Finance Center, Denver, Colorado, referred to hereinafter as Finance Center. During the pertinent times involved, all the defendants were employed in civil service supervisory capacities at the Finance Center. Defendant Cunningham was plaintiff's immediate supervisor and the other defendants were supervisors of other departments, branches, or divisions which participate in processing personnel actions.

Plaintiff alleged that because of the unlawful conspiracy and the acts of the defendants, the plaintiff was retired involuntarily by the United States Civil Service Commission because of total disability. Plaintiff asks for judgment against the defendants, jointly and severally, for $37,239 as special damages, $500,000 as general damages and $240,000 as punitive damages.

Several separate defenses are set forth in the defendants' answer, however, it will not be necessary to

consider any of them, with the exception of the general denial of material allegations.

A jury trial was requested and at the conclusion of the plaintiff's evidence, the defendants moved for a directed verdict, which the court granted. Thereupon dismissal was ordered and judgment was entered in favor of the defendants. The trial court found that the plaintiff had failed to establish a prima facie case of civil conspiracy. Specifically, the court found that:

1. "There were two or more persons who acted independently or together, and that there was an object to be accomplished cannot be doubted; there was also a meeting of some minds on how the object or purpose was to be accomplished, but the plaintiff has failed to sustain her burden that they acted unlawfully or that an unlawful purpose was accomplished."

2. "The evidence in its entirety fails to show that cohesive quality that must tenaciously be present to show an unlawful concert of action or agreement. The evidence displays that the defendants did certain acts that led to the submission of the application for involuntary disability retirement, but these acts were done in the discharge of their official duties and in the course of their employment as required by the dictates of either the law or their superiors. The fact that some of the steps taken were pursuant to meetings and conferences between two or more of them does not by itself connote illegality."

3. "Was an unlawful separation of plaintiff from the Federal Civil Service shown by prima facie evidence? There has been a complete lack of sufficient proof on this point to withstand a motion for disposition of the cause at this point. The evidence adduced shows that the plaintiff by her actions submitted to examinations by physicians of her own choosing."

4. "The totality of the evidence as postured at this point demands that the plaintiff's case must fall, and that the motion . . . should be granted."

The primary basis of plaintiff's writ of error is that the court erred in granting defendants' motion for a directed verdict. Plaintiff seeks reversal and a new trial on the ground that the plaintiff's evidence did establish a prima facie case upon which a verdict in her favor could stand.

██ When a motion for a directed verdict is made, the trial court must view the evidence in a light most favorable to the party against whom the motion is directed. Every reasonable inference to be drawn from the evidence presented is to be considered in a light most favorable to such party. A motion for directed verdict can only be granted where the evidence, when so considered, compels the conclusion that the minds of reasonable men could not be in disagreement and that no evidence, or legitimate inference arising therefrom, has been presented upon which a jury's verdict against the moving party could be sustained. *Nettrour v. J. C. Penney Co.*, 146 Colo. 150, 360 P.2d 964.

██ Civil conspiracy is not an uncomplicated concept when applied to the facts of some cases. The facts so far as adduced in the instant case demonstrate this rather clearly. We deem it important, therefore, for the purposes of this opinion to set forth a discussion of the elements of a civil conspiracy. In *Lockwood Corp. v. Bockaus*, 129 Colo. 339, 270 P.2d 193, the basic elements of a civil conspiracy are itemized as follows:

"[2] To constitute a civil conspiracy there must be: (1) two or more persons, and for this purpose a corporation is a person; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. The burden of proving these essentials by a preponderance of the evidence is upon him who asserts the claim under such circumstances."

██ A civil conspiracy has also been defined as a combination of two or more persons by some concerted

action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by criminal or unlawful means. *Duplex Printing Co. v. Deering,* 254 U.S. 443, 41 S. Ct. 172, 65 L.Ed. 349; 16 Am. Jur. 2d *Conspiracy* § 43; 15A C.J.S. *Conspiracy* § 1.

■ Another interesting view which we feel is of value in adding to the understanding of the elements which make up a civil conspiracy is contained in *Morrison v. Goodspeed,* 100 Colo. 470, 68 P.2d 458 as follows: "The proof of a conspiracy in civil cases also determines who shall respond in damages. Action of an individual which would cause him to be liable for damages, if acquiesced in by two or more others, and in which they cooperated, imposes on all who participated the obligation to respond in damages resulting from the consummation of the common design."

In *Pullen v. Headberg,* 53 Colo. 502, 127 P.954, this court said:
"At common law a conspiracy is defined as a combination between two or more persons to do a criminal or unlawful act or a lawful act by criminal or unlawful means. In criminal prosecutions, the gist of the action is the conspiracy. But in civil cases, the gist of the action is not the conspiracy, but the damages resulting from it, and unless a civil action in damages would lie against one of the conspirators, if the act was done by him alone, it will not lie against many acting in concert. The object of the criminal action is punishment against the wrongdoers. The object of the civil action is to recover any damages resulting from carrying out the conspiracy."

■■ From these authorities, it is manifest that *all* of the elements of a civil conspiracy must be proven. The court found, and we agree, that the plaintiff's evidence failed to show that either the object or the means of accomplishing the object were unlawful or wrongful. In other words, the plaintiff failed to present proof that the object, *i.e.,* plaintiff's involuntary retirement

as totally disabled, was unlawful, wrongful, or unjustified, or that any unlawful means or procedures were utilized in the accomplishment of the object. We therefore concur in the court's granting of the motion for a directed verdict, and affirm the judgment entered for the defendants.

We have examined plaintiff's other assignments of error, but deem it unnecessary to discuss them in detail in view of our affirmance of the trial court's ruling. Some are without merit and the others are rendered moot by our disposition herein.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE KELLEY concur.