401 So.2d 843 (1981)
Clarice FISH D/B/a Bahama Beauty Hut, Appellant,
v.
Frieda ADAMS, Howard J. Adams, Patricia Wiseman and Walter L. Wiseman, Appellees.
No. 80-1093.
District Court of Appeal of Florida, Fifth District.
July 1, 1981.
Rehearing Denied July 31, 1981.
*844 William T. McCluan of Crofton, Holland, Starling, Harris & Severs, P.A., Melbourne, for appellant.
George E. McCarthy, Melbourne, for appellees.
COBB, Judge.
From 1971 through 1977 Clarice Fish owned and operated the Bahama Beauty Hut in Palm Bay, Florida. In January 1978, she moved to the west coast of Florida, but she continued to own the beauty shop in Palm Bay. She left one of her beauticians, Frieda Adams, in charge of opening and closing the shop, collecting the receipts and depositing them, and notifying her of what supplies were needed.
In July 1978, Frieda Adams and one of the other beauticians, Patricia Wiseman, and their husbands, opened the Safari Styling Salon down the street from the Bahama Beauty Hut. All five of the beauticians working for the Bahama Beauty Hut quit and started working at the Safari Styling Salon. Clarice Fish returned to Palm Bay in an effort to keep her beauty shop going, but it folded about four months later.
As a result, Clarice Fish filed suit against Frieda Adams, Patricia Wiseman, and their husbands. Count I of the third amended complaint alleged that Frieda Adams had done various acts that constituted a breach of her duty of loyalty to her employer and had thereby caused damage to her employer's business. Count II alleged that Frieda Adams, Patricia Wiseman, and their husbands had entered into a civil conspiracy to injure the appellant. Count III alleged that Patricia Wiseman had engaged in various acts that breached her duty of loyalty to her employer and had caused damages to her employer's business.
The actions of the appellees that Clarice Fish alleged occurred while the beautician appellees were still employed by the Bahama Beauty Hut and therefore constituted breaches of employee loyalty were: (1) *845 planning of a competing business; (2) photocopying of their customers' permanent wave cards; (3) advertising the opening of their competing business through newspaper ads and flyers; (4) handing out their business cards to their customers and asking their customers to follow them to the Safari Beauty Salon; and (5) hiring the other beauticians away.
The case was tried before the trial court without a jury. During closing arguments, the trial court stated that since there was no contract binding the beauticians to the Bahama Beauty Hut, and since beauticians can take their customers with them, unless there were managerial duties involved, the trial court was going to rule that there was no cause of action. In its final judgment, the trial court found that Frieda Adams was not a manager, that the appellees had not breached any fiduciary duty, and entered judgment in favor of the appellees.
The general rule with regard to an employees' duty of loyalty to his employer is that an employee does not violate his duty of loyalty when he merely organizes a corporation during his employment to carry on a rival business after the expiration of his employment. However, that employee may not engage in disloyal acts in anticipation of his future competition, such as using confidential information acquired during the course of his employment or soliciting customers and other employees prior to the end of his employment. Insurance Field Services, Inc. v. White & White Inspection & Audit Service, Inc., 384 So.2d 303 (Fla. 5th DCA 1980).[1] An employee does not have to be managerial in order to have this duty.
Thus, the trial court erred in ruling in favor of the appellees on the basis that no managerial duties were involved. Even so, the final judgment was partially correct for other reasons. As stated above, the planning of a competing business is not ipso facto a breach of an employee's duty of loyalty. Insurance Field Services, Inc. Nor is notification to customers through advertisement. Aetna Building Maintenance Co., Inc. v. West, 39 Cal.2d 198, 246 P.2d 11 (1952). Additionally, an employee may take with him a customer list that he himself has developed. United Aircraft Corp. v. Boreen, 284 F. Supp. 428 (E.D. Pa. 1968), affirmed, 413 F.2d 694 (3d Cir.1969). Accordingly, the trial court properly ruled in favor of the appellees on these issues in Counts I and III. This leaves those counts with the unresolved issue of whether there was solicitation of customers and other employees (the other beauticians) by the beautician appellees while they were still employed by the Bahama Beauty Hut.
With regard to Count II, proof of Howard Adams' and Walter Wiseman's acts was limited to showing that they participated in forming the rival business. There was no proof that the husbands assisted in illegally soliciting customers or employees. Therefore, the entry of judgment in their favor was proper. Further, a civil conspiracy is not actionable by itself. Unlike a criminal conspiracy where the gist of the action is the conspiracy, in an action for civil conspiracy the gist of the action is recovery of damages. If an act cannot be the subject of a civil action for damages when done by one person, then it cannot be actionable when done by many acting in concert. Las Luminarias of the New Mexico Council of the Blind v. Isengard, 92 N.M. 297, 587 P.2d 444 (1978); McGlasson v. Barger, 163 Colo. 438, 431 P.2d 778 (1967); Martens v. Reilly, 109 Wis. 464, 84 N.W. 840 (1901); Wellington v. Small, 3 Cush. (Mass.) 145, 50 Am.Dec. 719 (1849). Thus, the allegations against Frieda Adams and Patricia *846 Wiseman contained in Count II were duplicitous of Counts I and III. Where a complaint claims damages in two counts based on the same facts, only one cause of action is alleged despite the fact that the second count charges a civil conspiracy to commit the tortious acts, and only one recovery is permissible. 16 Am.Jur.2d Conspiracy § 65 (1964). Therefore, entry of judgment in favor of the beautician appellees on Count II was proper.
In consideration of the above principles, we reverse that portion of the final judgment dealing with whether Frieda Adams and Patricia Wiseman solicited customers and employees while still employed by the Bahama Beauty Hut and remand this case for a new trial on liability and damages on that issue.
REVERSED in part; REMANDED.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] Las Luminarias of the New Mexico Council of the Blind v. Isengard, 92 N.M. 297, 587 P.2d 444 (1978); Maryland Metals, Inc. v. Metzner, 282 Md. 31, 382 A.2d 564 (1978); A.B.C. Trans-National Transport, Inc. v. Aeronautics Forwarders, Inc., 62 Ill. App.3d 671, 20 Ill.Dec. 160, 379 N.E.2d 1228 (1978); Catalog Service of Westchester, Inc. v. Wise, 63 App.Div. 895, 405 N.Y.S.2d 723 (1978); Lowndes Products, Inc. v. Brower, 259 S.C. 322, 191 S.E.2d 761 (1972); Sanitary Farm Dairies Inc. v. Wolf, 261 Minn. 166, 112 N.W.2d 42 (1961); United Board & Carton Corp. v. Britting, 63 N.J. Super. 517, 164 A.2d 824 (1959); Restatement (Second) of Agency § 393 Comment (e) (1958).