Dorothy E. CONVERSE, Petitioner,

v.

John M. ZINKE and Beverly A. Zinke, Respondents.

No. 79SC366.

Supreme Court of Colorado, En Banc.

Oct. 19, 1981.

Paul Snyder, Bradley J. Yoder, Castle Rock, for petitioner.

Carvell & Mullens, Steven V. Mullens, Pueblo, for respondents.

LEE, Justice.

We granted certiorari to review the decision of the court of appeals in *Converse v. Zinke*, Colo.App., —— P.2d —— (Ct. App.No. 78–462, announced October 18, 1979). We affirm in part and reverse in part and remand to the district court for the calculation of attorney's fees incurred in this appeal.

This action resulted from the sale of Converse's equipment rental business to the Zinkes for $10,000 cash and a $26,000 promissory note secured by a lien on the personal property transferred. The Zinkes failed to make the required note payments and Converse filed suit to foreclose on the security interest in the rental property. The Zinkes answered, alleging failure of consideration and fraud and counterclaimed for fraud and breach of express and implied warranties.

The dispute centers around the condition of the rental equipment on the date of its transfer to the Zinkes. The Zinkes' testimony indicated that much of the equipment was inoperable and could not be rented, and that Converse had promised to have the equipment in good condition on the date of transfer. Converse testified that the equipment was in good condition, that equipment which was not in good condition was accepted by the Zinkes, and that the sale was on an "as-is" basis. There was supporting testimony which corroborated both versions. The issues were submitted to the jury by special verdict and interrogatories. The jury found a failure of consideration for the

promissory note, thereby disallowing Converse's claim on the note, as well as the claim for foreclosure on the security interest. The jury found in favor of the Zinkes on the warranty claims, awarding damages of $8,500 on the express warranty but refusing to award damages on the implied warranty claim.

After the jury verdict was returned, the following exchange took place:

MR. SNYDER (Converse's attorney): "The Plaintiff would like ten days in which to consider this matter and ten days in which to make motions."

THE COURT: "Mr. Snyder, under the revised rules you are entitled to 15 days. If you would like that that will be the order of the Court."

MR. SNYDER: "Yes, if the Court please, we would like 15 days."

THE COURT: "Plaintiff has 15 days within which to file motions."

On February 6, 1978, 16 days after the jury returned its verdict,[1] Converse filed a motion for a judgment notwithstanding the verdict and for a new trial. *See* C.R.C.P. 50(b) and 59. On March 17, 1978, the trial court entered a judgment notwithstanding the verdict in favor of Converse, ruling as a matter of law that the note was "supported by consideration." The motion for new trial was denied.

The Zinkes filed a notice of appeal which stated that the Zinkes would "file an appeal of the above-captioned matter."

The court of appeals reversed the judgment notwithstanding the verdict. It found that C.R.C.P. 50(b) required the filing of a motion for judgment notwithstanding the verdict within ten days of the receipt of the verdict, and that under C.R.C.P. 6(b) no extensions of time are permissible.[2] Since the motion for judgment notwithstanding the verdict was not filed within the time limit, the court of appeals held that the district court lacked jurisdiction to rule on

the motion and remanded the case to the trial court for a hearing on the motion for new trial. The court of appeals rejected the other claims of reversible error regarding jury instructions, denial of motions for directed verdicts, and erroneous evidentiary rulings. It affirmed the judgment in favor of the Zinkes on their counterclaims for breach of warranties.

Converse urges reversal of the judgment of the court of appeals for the following reasons. She claims that the Zinkes' notice of appeal to the district court is defective; that the district court did have jurisdiction to enter a judgment notwithstanding the verdict; that the issues of express and implied warranty should not have been submitted to the jury; that there was insufficient evidence to support the jury verdict of $8,500 on the express warranty claim; that the jury was improperly instructed on contract interpretation; and that, should she prevail in this appeal, she is entitled to attorney's fees on appeal.

## I.

Converse's first claim is that the Zinkes' notice of appeal was insufficient to meet the requirements of C.A.R. 3(c). C.A.R. 3(c) provides:

"(c) *Content of the Notice of Appeal.* The notice of appeal shall specify the party or parties taking the appeal and shall designate the judgment, order, or part thereof appealed from."

The Zinkes' notice of appeal stated that they will file an appeal of the "above-captioned matter." While this may be a technical violation of C.A.R. 3(c) since it did not designate the judgment, order, or part thereof appealed from, we agree with the court of appeals that:

"... [s]ince non-compliance with C.A.R. 3(c) does not affect the validity of the appeal, C.A.R. 3(a), and since there can be no doubt in this instance that the only

---

1. The fifteenth day fell on a Sunday. *See* C.R.C.P. 6(a) regarding computation of time.

2. C.R.C.P. 50(b) has been amended to require filing within fifteen days. At the time of trial,

the new rule had been approved but was not yet effective. This accounts for the confusion of the trial court as to the time for filing a C.R.C.P. 50(b) motion.

court action to which defendants would object is the entry of the judgment notwithstanding the verdict, we will not insist on strict compliance here. *See C.A.R. 2; Service Oil Co. v. Rhodus,* 179 Colo. 335, 500 P.2d 807 (1972); *Happy Canyon Investment Co. v. Title Insurance Co.,* 38 Colo.App. 385, 560 P.2d 839 (1976)." *Converse v. Zinke, supra.*

We affirm the court of appeals on this claim of error.

## II.

■ The district court granted Converse 15 days to file post-trial motions. Converse relied on this ruling and filed a motion for judgment notwithstanding the verdict on the last day of that period. We hold that the trial court did not lose jurisdiction to rule on the motion under the circumstances of this case.

The court of appeals held that unless the motion for judgment notwithstanding the verdict was filed within the ten day time limit under C.R.C.P. 50(b), the district court had no jurisdiction to rule on the motion. *See Ross v. Arrow Manufacturing Co.,* 134 Colo. 530, 307 P.2d 196 (1957). This ruling was based on the fact that C.R.C.P. 6(b) expressly limits the trial court's ability to extend time for acting under C.R.C.P. 50(b).[3]

Although the language of C.R.C.P. 6(b) is mandatory, there is a recognized narrow exception to the rule. Some federal courts have adopted the "unique circumstances" exception to Fed.R.Civ.P. 6(b).[4] *Harris Truck Lines v. Cherry Meat Packers,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962); *Wolfsohn v. Hankin,* 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964); *Chipser v. Kohlmeyer Co.,* 600 F.2d 1061 (5th Cir. 1979); and *Eady v. Foerder,* 381 F.2d 980 (7th Cir. 1967). This exception may apply if a party reasonably relies and acts upon an erroneous or misleading statement or ruling by a trial court regarding the time for filing post-trial motions. In such circumstances the trial court does not lose jurisdiction to enter an order on the motion for a judgment notwithstanding the verdict. In our view, the circumstances of this case warrant the application of the "unique circumstances" exception, and we therefore hold that the district court had jurisdiction to enter an order on the motion.[5]

The Zinkes, however, also challenge the granting of the motion on substantive grounds. They assert that there was a failure of consideration, and that they therefore owe nothing on the promissory note. Although the Zinkes pleaded the defenses of "lack of consideration" and "failure of consideration," only the defense of failure of consideration was submitted to the jury.[6]

---

**3.** C.R.C.P. 6(b) provides:

"(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), 60(b), except to the extent and under the conditions therein stated."

**4.** Fed.R.Civ.P. 6(b) is identical to C.R.C.P. 6(b).

**5.** The Zinkes claim that Converse failed to move for a directed verdict at the close of all the evidence and that, therefore, she was not

entitled to a judgment notwithstanding the verdict. C.R.C.P. 50(b). A fair reading of the record reveals that while it may have been inarticulately made and may not have included the "magic" words, a motion for directed verdict was made at the close of all the evidence.

**6.** In the court's ruling granting the motion for judgment notwithstanding the verdict, the court stated as follows:

"The court recalls the instruction that was given to the jury on the question of issue of consideration. And the court recalls the testimony in regard to that, and now rules as a matter of law that the promissory note was supported by consideration."

We construe the court's language in the context in which the consideration issue was submitted to the jury, that of "failure of consideration."

■ Failure of consideration, however, should not be confused with lack of consideration for the underlying contract, since failure of consideration generally refers to failure of performance of a contract. *J. Calamari and J. Perillo, Contracts*, § 11–25 (2d ed. 1977). The modern trend is to avoid use of the term "failure of consideration" because it may be misleading. *See Restatement (Second) of Contracts*, § 237, Comment a (1981).

■ Proof of a material failure of consideration may excuse a party from performing its duties under a contract. If one party has failed to perform the bargained for exchange, the other party may be relieved of a duty to continue its own performance, where the failure is material and unexcused. However, an incomplete performance may not amount to a material failure which would fully excuse a duty to return performance, when the performance given may be considered an equivalent to the performance owed. *See Restatement (Second) of Contracts*, §§ 237 and 240 (1981). The extent to which an injured party will obtain substantial benefit from the contract, as well as the adequacy of compensation in damages, should be considered in determining the materiality of failure of performance. *Restatement (Second) of Contracts*, § 241 (1981).

■ From the record in this case, we have been able to ascertain that the Zinkes offered evidence that about 71 of approximately 273 items of inventory purchased were in need of repair or were inoperable when the sale was completed. It is thus apparent that the evidence was not adequate to prove a *total* failure of consideration, which would excuse the Zinkes' payment of the balance of the purchase price. Viewing the evidence offered at trial, the jury apparently determined that the loss of value received due to defective or inoperable equipment was $8,500. Since the purchase price of the business was $36,000, the failure of consideration can be considered only as a *partial* failure. Generally, a partial failure of consideration imports a breach of contract, but not a breach suffi-

cient to relieve the injured party of the duty of performance. Thus, a partial failure of the consideration may be a defense *pro tanto* where the contract and the consideration are apportionable and the amount of the failure may be fairly ascertained by computation. *See generally* 17 Am.Jur.2d *Contracts*, § 398, and *Restatement (Second) of Contracts*, § 240 (1981).

"[T]he defendant is not justified in refusing to perform his promise if the plaintiff's failure is only partial and is such that full and just compensation can be made by the payment of money damages." *A. Corbin, Corbin on Contracts*, § 659 (1963).

■ Colorado cases recognize that partial failure of consideration is not a defense to a promissory note, unless the failure is apportionable, in which case the remedy lies in "a set-off, or by an original action for damages." *Brevoort v. Hughes*, 10 Colo.App. 379, 50 P. 1050 (1897). *See also Gillett v. Cheairs*, 79 Colo. 20, 243 P. 1112 (1926).

■ In this case, the evidence shows that in the purchase of the equipment rental business the Zinkes acquired approximately 273 pieces of rental equipment of which approximately 200 were not asserted to be defective in any way. Therefore, there was not a total failure of consideration but rather a partial failure of consideration. Zinkes' duty to pay the purchase price was not therefore discharged. *Restatement (Second) of Contracts*, § 240 (1981), *supra*. At most, the Zinkes were entitled to a *pro tanto* reduction in the purchase price of the business.

In our view, the court did not err in granting Converse's motion for judgment notwithstanding the verdict.

■ A jury's verdict may be set aside and a judgment notwithstanding the verdict entered only when no reasonable person could reach the same conclusion as the jury. *Thorpe v. Durango School Dist.*, 41 Colo.App. 473, 591 P.2d 1329 (1978), *aff'd*, Colo., 614 P.2d 880 (1980), and *see McGlasson v. Barger*, 163 Colo. 438, 431 P.2d 778 (1967). It is clear from the evidence

presented at trial, even when viewed in the light most favorable to the Zinkes, that the contract was substantially performed by Converse. No reasonable jury could conclude that there was a total failure of consideration. Therefore, the trial court properly entered the judgment notwithstanding the verdict on the issue of failure of consideration.

Although the jury was not instructed on partial failure of consideration, according to our best efforts to decipher the record,[7] the Zinkes suffered no prejudice since, as we stated above, such partial failure could be adequately compensated by damages or a set-off of the purchase price. The evidence submitted to the jury on the issue of breach of warranty provided the same factual basis for calculation of damages for failure of consideration. The Zinkes are not entitled to double recovery for the same damages shown, and because of our resolution of the issue of breach of warranty which follows, we find no error which would require additional findings on this issue in the trial court.

The ruling of the court of appeals is reversed and the judgment notwithstanding the verdict is reinstated.

### III.

Converse claims that the implied and express warranty claims should not have been submitted to the jury and that there was insufficient evidence to support the award of $8,500 on the express warranty claim. We do not agree and affirm the court of appeals on its resolution of this issue.

There was conflicting evidence as to the existence of implied or express warranties on the condition of the equipment transferred in this transaction. Both the Zinkes testified that Converse had promised to have the equipment in good working order on the day of closing and that they relied on this promise. The contract for sale, however, did indicate that the rental equipment was to be "transferred in [its] present condition." When there is conflicting evidence, the question is properly submitted to the trier of fact. *See Barth v. Powell*, 127 Colo. 78, 254 P.2d 428 (1953).

The Zinkes had the burden of proving damages due to a breach of an express warranty. *See John v. United Advertising, Inc.*, 165 Colo. 193, 439 P.2d 53 (1968). There was sufficient evidence presented from which the jury could calculate the claimed damages. A list of the rental equipment transferred was introduced into evidence. The list included values for each piece of equipment. While Converse testified that the values were intended to indicate only her cost of the equipment, Mr. Zinke testified that he believed the values on the list were the warranted values of the equipment if transferred in the condition promised.

The measure of damages is the difference between the value of the goods as warranted and the value of the goods as delivered. Section 4–2–714(2), C.R.S. 1973. Both the Zinkes testified extensively as to equipment which could not be rented by them and to the costs of repair and replacement of certain equipment. There was evidence of the value of the equipment as actually transferred. Thus, there was sufficient evidence in the record to support the jury's award of $8,500 damage on the express warranty claim.

### IV.

Converse asserts error in the district court's instruction to the jury. That instruction provided:

"If you find that a contract exists, and one party had no voice in the selection of the language used, then ambiguous or doubtful terms must be construed strictly against the party who prepared the contract."

This instruction correctly states the law. *Christmas v. Cooley*, 158 Colo. 297, 406 P.2d

---

7. A fire occurred which destroyed the courthouse at Castle Rock. The jury instructions, exhibits, and other portions of the trial proceedings, including the court reporter's notes of the fourth day of trial proceedings, were destroyed by fire prior to this appeal. Commendable efforts were made by counsel to reconstruct the missing portions of the trial record.

333 (1965) and *Centennial Enterprises, Inc. v. Mansfield Development Co.*, 193 Colo. 463, 568 P.2d 50 (1977). An instruction should not be given to the jury unless there is evidence introduced to support that instruction. *Houser v. Eckhardt*, 168 Colo. 226, 450 P.2d 664 (1969).

There was some evidence to support this instruction. The Zinkes alleged that the contract was prepared by a Mr. Hipp who was an agent for Mrs. Converse. Indeed, Hipp had signed an agency contract with Converse. Hipp was also assisting the Zinkes in obtaining a business. The contract was examined and altered by Converse's attorney. Therefore, even though there was conflicting evidence which suggested the contract was the result of negotiation, it was not error to instruct the jury on this matter since there was evidence to support that instruction.

## V.

■ Finally, Converse makes a demand for attorney's fees incurred during this appeal. The promissory note provided for the payment by the Zinkes of all expenses of collection of the note including reasonable attorney's fees.

When the contract provides for such recovery, a long line of cases upholds the right of litigants to recover attorney's fees incurred on appeal of contract claims. *Zambruk v. Perlmutter*, 32 Colo.App. 276, 510 P.2d 472 (1973); *Chios v. Marlow*, 39 Colo.App. 218, 563 P.2d 387 (1977); *P & M Vending Co. v. Half Shell of Boston, Inc.*, 41 Colo.App. 78, 579 P.2d 93 (1978); and *First National Bank of Cedarridge v. Aspinwall*, Colo.App., 613 P.2d 341 (1980).

In this case the promissory note calls for the debtor to pay all expenses of collection including a reasonable attorney's fee. This appeal is an expense incurred in collection. Therefore, Converse is entitled to a reasonable attorney's fee on appeal. *See* Annot, 52 A.L.R.2d 863.

The judgment of the court of appeals setting aside the judgment notwithstanding the verdict is reversed and the order of the district court entering the judgment not-withstanding the verdict is reinstated. As to Converse's other claims, the judgment of the court of appeals is affirmed. The case is returned to the court of appeals with directions to remand the cause to the district court for a determination of reasonable attorney's fees incurred in this appeal.