**Louis M. ORZOLEK, Plaintiff-Appellant,**

v.

**Roger J. FORMAN, Defendant-Appellee.**

**No. 81CA1081.**

Colorado Court of Appeals,
Div. I.

July 28, 1983.

Vanatta & Spelts, P.C., Richard Lee Polk, Michael T. DePinto, Denver, for plaintiff-appellant.

Michael E. Katch, Denver, Shayne M. Madsen, Boulder, for defendant-appellee.

VAN CISE, Judge.

In this action involving the dissolution of a dental partnership, plaintiff, Dr. Louis M. Orzolek, appeals (1) the denial of pre-judgment interest on the judgment on his complaint; and (2) a $4,125 reduction in the amount of that judgment due to what the court determined to have been a partial failure of consideration pertaining to goodwill. We agree with Orzolek and, therefore, set aside the judgment and remand for entry of a new judgment.

The material facts are essentially undisputed. Orzolek had an established dental practice in downtown Denver. On October 1, 1976, Orzolek and Forman formed a partnership and executed a "contract and partnership agreement" (the partnership agreement) and a "buy and sell agreement."

Under the partnership agreement, Orzolek sold Forman a 49% interest (with an option to purchase a further 1% for $1 in five years) in Orzolek's dental practice for $43,151. This price included half of the agreed value of the office furnishings and equipment, dental handtools and supplies, office supplies and postage, leasehold improvements, and goodwill. The purchase price was to be paid by Forman $8,630.20 on date of signing, and the balance in four equal annual installments on the first of October of each succeeding year. Any installment not paid when due was to draw interest at 9% per annum from due date until paid.

The partnership agreement further provided that the partnership could be terminated at the end of any calendar quarter by either partner on 90 days prior written notice to the other partner. Under the buy and sell agreement, in the event of the withdrawal of a partner, "the remaining partner shall have the option to continue the business of the partnership without dissolution and to acquire the interest of the other partner . . . or to dissolve and liquidate the partnership according to law."

The parties conducted their dental practice together as partners until December 31, 1979. On September 25, 1979, Forman notified Orzolek "that our partnership will be dissolved as of the end of December, 1979." The parties then agreed that all partnership tangible personal property and leasehold improvements would be retained by Orzolek in the old office. They further agreed that Forman would take with him to his new practice all of his patient files and the accounts receivable concerning these patients.

Orzolek offered to pay Forman the book value of Forman's capital account as of December 31, 1979, less the amount of accounts receivable taken by Forman, and less the $17,260.40 remaining unpaid under the original buy in (Forman had not paid the installment due October 1, 1979). Forman's capital account represented the book value of his share of the partnership's net assets but did not include any amount for goodwill.

Forman refused to accept Orzolek's offer because it did not include any amount for goodwill. Orzolek claimed that payment for the partnership goodwill was not appropriate since the partnership had been dissolved and Forman had taken his patients and receivables with him to his new practice.

When the parties were unable to resolve their differences, Orzolek filed this action against Forman for the two remaining installments due under the buy-in provisions of the partnership agreement, a total of $17,260.40 plus interest from the due date. Forman counterclaimed for the amount allegedly due under the buy and sell agreement.

Prior to trial the parties entered into a "joint trial data certificate" in which the above facts were stipulated to. They also agreed that Orzolek owed Forman his capital account balance (less receivables taken by Forman) in the amount of $25,492, and that Forman owed Orzolek the two $8,630.20 installments due October 1, 1979 and October 1, 1980. The difference of $8,231.60 ($25,492 less $17,260.40) was not in dispute. The main issue for resolution by the court was whether, in addition to the $8,231.60, Forman was entitled to anything more for goodwill.

The trial court, based on the above agreed facts and on conflicting expert accounting testimony, made oral findings and conclusions as set forth in this and the succeeding paragraph. It found that the goodwill of Orzolek's practice (his dental patients) was valued at the time of the formation of the partnership at $44,000 and that half of this, or $22,000, had been purchased by Forman. Both had then contributed their shares of the goodwill to the partnership. This transaction should have been, but was not, reflected in the partnership books as a credit of $22,000 to each partner's capital account. And, it should have been amortized over a four year period. Had this been done, each partner would have had, at the time of dissolution, a credit of $4,125 for unamortized goodwill in his capital account—the net effect of which would have been a wash as between the partners.

The court further found that, when Forman withdrew, Orzolek elected not to exercise the buy-out option under the buy and sell agreement and, therefore, dissolution had to be accomplished under the Colorado Uniform Partnership Act, § 7–60–101 et seq., C.R.S.1973. It determined that, under that Act, goodwill was an intangible partnership asset that had to be distributed or accounted for to each partner on dissolution. It then held that, when Forman left and took his patients with him, he took

most if not all of his unamortized goodwill with him.

Concluding that the above analysis did not lead to any satisfactory solution, the court then decided that there was a partial failure of consideration in the amount of $4,125, the unamortized goodwill that should have been in Forman's capital account. It concluded that this amount should be deducted from the original purchase price.

Accordingly, it reduced the unpaid (and agreed to be due) $17,260.40 by $4,125, and arrived at a new figure of $13,135.40 as the amount owing to Orzolek on his complaint. And, although it had not been pled or asserted by Forman before or at trial, it then allowed Forman to amend his answer to raise the affirmative defense of failure of consideration. It, therefore, entered judgment for Forman on the net amount of $12,356.60 ($25,492 to Forman on his counterclaim less $13,135.40 to Orzolek on his complaint after reducing the complaint balance by the $4,125). The court also ruled that Orzolek was not entitled to interest on the balance of the purchase price owed by Forman.

Orzolek appeals the $4,125 reduction and the disallowance of interest.

I.

■ We agree with Orzolek that there is no rational basis for declaring a partial failure of consideration and reducing the original purchase price. Forman received in full what he bargained for and paid for at the time of purchase. See Converse v. Zinke, 635 P.2d 882 (Colo.1981). And, here, continued performance by Orzolek was made impossible by Forman's election to dissolve the partnership. See City of Littleton v. Employers Fire Insurance Co., 169 Colo. 104, 453 P.2d 810 (1969).

Furthermore, accepting the trial court's findings as correct, we can draw only one conclusion therefrom, the same as that of the court—that had the unamortized balance of goodwill been on the books and been included in the respective capital accounts, the effect would have been a wash as between the partners. And, when Forman left and took his patients with him, he took most if not all of his unamortized goodwill with him.

Additionally, on the occasion of the dissolution of a partnership, see § 7–60–131(1)(a)(II), C.R.S.1973 (1982 Cum.Supp.), absent a contrary agreement, there is no obligation on either partner to buy the interest of the other partner. The partnership goodwill, if any remained in the dissolved partnership, had no market value. By not including this item in his buy offer, Orzolek chose not to purchase Forman's interest, if any, in the goodwill. He cannot be compelled so to do. The balance of the goodwill, if any, will remain as an undistributed asset of the dissolved partnership.

II.

■ The partnership agreement provided for 9% interest on late payments of any installment of the purchase price from due date until actual payment. Since it was undisputed that Forman had not made the last two payments, the trial court should have applied the above provision and added interest at 9% to the amount of the payments owing from Forman to Orzolek from their respective due dates until date of judgment.

Because of our decision here, it is unnecessary to consider Orzolek's contention that the trial court erred in granting Forman leave to amend the complaint to include the affirmative defense of failure of consideration.

Accordingly, the $12,356.60 judgment in favor of Forman is vacated. The cause is remanded to the trial court with directions to enter a new judgment in favor of Forman in the amount of $8,231.60 ($25,492 to Forman on his counterclaim less $17,260.40 owing to Orzolek on his complaint) less the amount of the interest due Orzolek on the two overdue installments of the original purchase price from due date (October 1, 1979, and October 1, 1980, respectively) to

the date of the original judgment, August 26, 1981.

ENOCH, C.J., and BABCOCK, J., concur.