JORGENSON, Judge,
dissenting.
I would affirm the trial court’s order. Braman Motors failed to establish a substantial likelihood of success on the merits.
*227 First, there can be no trade secret in a customer list which consists solely of information that is available from public records. The fact that Braman Motors says that its customer list is a trade secret simply does not make it so. Rolls Royces, like other more common vehicles, are required to be licensed and registered with the State of Florida. See generally ch. 320, Fla.Stat. (1983). The names and addresses of Rolls Royce owners are, therefore, a matter of public record. See generally ch. 119, Fla.Stat. (1983).
Second, there was no evidence that the customer list was a trade secret or confidence of Braman Motors. The affidavit of Gustavo Velazquez, a zone manager employed by Rolls-Royce Motors Inc., is of no help to Braman Motors. Mr. Velazquez stated only that Rolls Royce, which is not a party to this action, regards the names and addresses of all purchasers of its automobiles to be confidential. The relevant inquiry is whether Braman Motors regarded its customer list to be a secret or confidence. There is nothing in the record which would indicate that there was an express agreement on the part of Ward not to use the customer list after leaving the employment of Braman Motors or that Ward’s knowledge of the information contained in the list was obtained in confidence. As the court stated in Inland Rubber Corp. v. Helman, 237 So.2d 291, 295 (Fla. 1st DCA 1970):
In absence of an agreement between the parties providing therefor, the use of a former employer’s customer lists is not subject to injunction unless such lists constitute or are in the nature of trade secrets and knowledge thereof was obtained in confidence. This is particularly so where the names of such customers are readily obtainable from classified telephone directories and like sources.
Accord Renpak, Inc. v. Oppenheimer, 104 So.2d 642, 645 (Fla. 2d DCA 1958) (“Knowledge acquired by an employee concerning names and addresses of customers is not the property of the employer unless such has been obtained in confidence.”).
Third, there is no evidence in the record that would establish that the names of the Braman Motors’ customers who were contacted by Ward were taken from a customer list of Braman Motors.
The principles announced in Renpak and Fish v. Adams, 401 So.2d 843 (Fla. 5th DCA 1981), should control. Both of those cases stand for the general proposition that an employee may compete against a former employer and, in so doing, take with him a customer list that he himself has developed. See Fish, 401 So.2d at 845; Renpak, 104 So.2d at 645. The court’s reliance on Unistar Corp. v. Child, 415 So.2d 733 (Fla. 3d DCA 1982) (en banc), and Erik Electric Co. v. Elliot, 375 So.2d 1136 (Fla. 3d DCA 1979), is, in my view, misplaced. Both Unistar Corp. and Erik Electric Co. involve customer lists which were highly refined and a key ingredient to the business of the respective companies. No such showing is made in this case. Additionally, in both of those cases, there was evidence that the lists involved therein were confidential. Unistar Corp., 415 So.2d at 734; Erik Electric Co., 375 So.2d at 1138.