**ROBERT K. SCHADER, P.C.,**
Plaintiff–Appellee,

v.

**ETTA INDUSTRIES, INC.,**
Defendant–Appellant.

No. 93CA0523.

Colorado Court of Appeals,
Div. V.

June 30, 1994.

Rehearing Denied Aug. 11, 1994.

Certiorari Denied April 3, 1995.

Bill R. Mann, Boulder, for plaintiff-appellee.

Fred Y. Boyer, Boulder, for defendant-appellant.

Opinion by Judge CASEBOLT.

Defendant, Etta Industries, Inc. (Etta), appeals from the entry of summary judgment and directed verdicts in favor of plaintiff, Robert K. Schader, P.C. (Schader), in an action on a promissory note. We affirm and remand for a determination of attorney fees and costs.

Schader served as corporate counsel to Etta for approximately four years, during which time Etta became delinquent in the payment of Schader's fees. After several months of non-payment, Etta's president signed a promissory note for the outstanding balance. The note provided for monthly installment payments and contained an acceleration clause which provided that, in the event Etta received a "financing" in excess of $250,000, the entire remaining balance became due in full. The note also provided for interest, attorney fees, and acceleration in the event of default on the monthly payments.

On February 21, 1991, Schader, believing that Etta had received a "financing" in excess of $250,000, gave notice of acceleration and several days later, filed suit. On March 15, 1991, Etta filed its answer denying that it had received such a "financing." On that same date, Etta moved to deposit the March installment payment, due on that date, into the registry of the court. The motion was denied. Etta did not tender the March payment or any further installments to Schader.

Schader thereafter amended its complaint to add a second claim for relief, which alleged that Etta was in default for failure to make the March 1991 payment and that acceleration was therefore justified.

Schader moved for summary judgment on this second claim for relief. The trial court granted the motion, ruling that regardless of whether Schader's original acceleration was valid, Etta was in default when it failed to tender the March 1991 payment, and that Schader therefore had a right of acceleration as of the March due date.

Schader withdrew its first claim for relief, and the case proceeded to trial on Etta's affirmative defense of fraud and the counterclaim for Schader's allegedly wrongful acceleration.

I.

Etta first contends that the trial court erred in finding Schader was entitled to accelerate the promissory note after Etta failed to make the March installment. We disagree.

Etta concedes that its tender to the court was not sufficient to prevent accelera-

tion for non-payment. *See Foreman v. Myers*, 79 N.M. 404, 444 P.2d 589 (1968) (to prevent acceleration, tender must be made to the creditor, not to the court, because even though tender to the court puts the money out of the debtor's grasp, it prevents the creditor from utilizing funds to which he is legally entitled). However, Etta asserts that it was justified in suspending payment because of Schader's wrongful acceleration.

A similar claim was asserted and rejected in *Fleet National Bank v. Liuzzo*, 766 F.Supp. 61 (D.R.I.1991). There, the court held that wrongful acceleration of a promissory note, while establishing a breach of contract, did not relieve the debtor of the obligation to make installment payments. The court acknowledged that there are circumstances when one party is excused from performance of a contract if the other party breaches. Nevertheless, it held that breach of a promissory note by wrongful acceleration was readily distinguishable from those situations, reasoning that where money has already been loaned to the debtor, the creditor has fully performed and wrongful acceleration would not change the debtor's duty to repay the loan. Instead, the court held that the proper course of action would be to challenge the wrongful acceleration while continuing to tender payments due under the loan agreement.

We find this reasoning persuasive, and reject Etta's argument that *Converse v. Zinke*, 635 P.2d 882 (Colo.1981) mandates a different result. In *Converse v. Zinke, supra*, a purchaser refused to make payments on a promissory note given in connection with a purchase of business assets after discovering defects in the equipment purchased. The purchaser asserted that the defects constituted a material failure of consideration, which excused him from performing under the promissory note.

The court noted that, generally, only a material failure of consideration fully excuses the duty of performance. The court evaluated whether the failure was material by analyzing the extent to which the injured party would obtain a substantial benefit from the contract and the adequacy of compensation in damages. The court determined that only

part of the equipment was defective, and held that the purchaser's obligations under the note were not discharged.

Here, Etta claims that Schader's wrongful acceleration resulted in a full and material failure of consideration on the note because the chief consideration it received in executing the note was the ability to make installment payments, which was negated by Schader's improper acceleration. However, this argument overlooks the fact that Schader's services as attorney for Etta provided substantial consideration for the note, even though the promissory note was entered into after the obligation to pay for those services existed. *See Lightner v. Lightner*, 146 W.Va. 1024, 124 S.E.2d 355 (1962) (holding that a pre-existing obligation constitutes consideration for a promissory note).

Moreover, the note allowed Etta to avoid immediate suit for its delinquency in paying Schader's monthly statements. Therefore, Schader's wrongful acceleration could be viewed, at most, as a partial failure of consideration and one which did not deprive Etta of the substantial benefit of the promissory note. Additionally, had Etta not materially breached the agreement by non-payment, damages would have adequately compensated it for improper acceleration of the note. Hence, a partial failure of consideration does not excuse performance on the promissory note under these circumstances. *See Converse v. Zinke, supra.*

■ Finally, Etta claims that it suspended payment because Schader's acceleration indicated it would no longer accept monthly installment payments. However, Etta did not tender the payments for rejection by Schader, and Schader's amendment of its complaint to plead the failure to tender the March installment is a clear indication that it did not intend to forego the installment payments pending resolution of the claim for acceleration. Moreover, there would be no logical reason for Schader to waive these payments because under the facts here it could continue receiving installment payments without waiving its right to accelerate the note. *Rustic Hills Shopping Plaza v. Columbia Savings & Loan Ass'n*, 661 P.2d 254 (Colo.1983).

## II.

■ Etta next contends that the trial court erred in granting a directed verdict on its affirmative defense of fraud. We disagree.

Schader billed Etta for services related to raising capital for Etta, and these charges made up a portion of the obligation on which the promissory note was based. Prior to execution of the note, Etta received monthly statements indicating that Schader was billing for these services. Etta made payments on these bills and signed the promissory note without complaining about these charges. However, at trial, Etta asserted that Schader had fraudulently billed for this type of work after being instructed not to do so.

■ To establish fraud, a claimant must offer proof of the following elements: 1) a false representation of a material existing fact; 2) knowledge on the part of the one making the representation that it was false; 3) ignorance of the falsity on the part of the one to whom the representation was made; 4) an intention that the representation be acted on; and 5) damages. *Concord Realty Co. v. Continental Funding Corp.*, 776 P.2d 1114 (Colo.1989). The claimant must have relied upon the misrepresentation, and that reliance must have been justified given the circumstances. *See Black v. First Federal Savings & Loan*, 830 P.2d 1103 (Colo.App. 1992).

Here, there was no showing of a misrepresentation, as Etta did not allege that the bills were inaccurate or that they failed to reflect that Schader was charging for fund-raising work. Nor was there ignorance of the true state of the facts, as the bills reflected that Schader had in fact charged for these activities.

Under these circumstances, a reasonable person could not find fraud given these facts, and therefore the trial court correctly directed a verdict for the plaintiff. *McGlasson v. Barger*, 163 Colo. 438, 431 P.2d 778 (1967).

## III.

■ Finally, Etta argues that the trial court erred in directing a verdict that its damages on the breach of contract counterclaim for wrongful acceleration were limited to one dollar. We are not persuaded.

At trial, Etta claimed that Schader's acceleration on February 21, 1991, was wrongful, because it had not received a "financing" in excess of $250,000. After hearing Etta's evidence, the trial court ruled that even if the initial acceleration was wrongful, Etta had sustained no damages because any damages for the allegedly wrongful acceleration ended on March 15, 1991, the date Etta failed to tender its monthly installment payment to Schader and the date on which Schader had a right to accelerate the note. Given this finding, Schader then conceded that the initial acceleration of February 21 had been wrongful, and Etta was awarded one dollar in nominal damages on its counterclaim.

Etta asserts that its damages from Schader's initial acceleration include the amount of interest and attorney fees it had to pay on the judgment entered against it for the full amount remaining due. However, this argument defies logic, as Etta was required to pay the additional interest and attorney fees because of its own breach.

In any event, the trial court properly limited the proof of damages to the time period between the wrongful acceleration on February 21 and Etta's default on March 15, since acceleration was proper after that date. *See Fleet National Bank v. Liuzzo, supra.* Because there was no evidence of damages incurred during that time frame, the trial court correctly limited Etta's recovery to nominal damages of one dollar.

## IV.

■ Schader requests attorney fees incurred during this appeal. The promissory note and subsequent judgment provide for the payment by Etta of all expenses of collection of the note including reasonable attorney fees. And, the costs of this appeal constitute expenses incurred in collection. *See Converse v. Zinke, supra.* Therefore, Schader is entitled to reasonable attorney fees and costs of collection.

The judgment of the trial court is affirmed, and the cause is remanded for a determina-

tion of reasonable attorney fees and costs incurred in this appeal.

NEY and TURSI,* JJ., concur.